# ORIGINAL

1   ROBERT S. LARSEN, ESQ.
    Nevada Bar No. 7785
2   DAVID T. GLUTH, ESQ.
    Nevada Bar No. 10596
3   GORDON & REES LLP
    3770 Howard Hughes Parkway Suite 100
4   Las Vegas, Nevada 89169
    Telephone: (702) 577-9300
5   Facsimile: (702) 255-2858
    Email: rlarsen@gordonrees.com
6          dgluth@gordonrees.com

7   *Attorneys for Obesity Research*
    *Institute, LLC*

8

FILED
ENTERED                    RECEIVED
                           SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 1 2 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:
                    DEPUTY

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11

12  | OBESITY RESEARCH INSTITUTE, LLC, a | CASE NO. |

13  California limited liability company,

        Plaintiff.                **APPLICATION FOR ISSUANCE OF AN**
14                                **ORDER TO SHOW CAUSE WHY RIEU**
    vs.                           **SHIMIZU SHOULD NOT BE HELD IN**
15                                **CONTEMPT AND SANCTIONED**
    FIBER RESEARCH INTERNATIONAL,
16  LLC, a Nevada limited liability company, and   [Underlying Case:
    DOES 1-10, inclusive,         USDC District of California
17                                Case No.: 15-cv-595-BAS-MDD]
        Defendants,
18

19  FIBER RESEARCH INTERNATIONAL,    **16-MS-4**
    LLC,
20
        Counterclaimant,
21
    vs.
22
    OBESITY RESEARCH INSTITUTE, LLC,
23
        Counter-defendant.
24

25      Plaintiff and Counter-defendant Obesity Research Institute, LLC ("ORI"), by and through

26  its attorneys Gordon & Rees, LLP, respectfully moves this Honorable Court for entry of an

27  Order to Show Cause Order as to why Rieu Shimizu should not be held in contempt of Court for

28  his failure to comply with a subpoena duly issued pursuant to Rule 45 of the Federal Rules of

1 | Civil Procedure. This application is based upon this Application and Memorandum, all
2 | pleadings and papers on file herein, the attached declarations and exhibits, and any and all oral
3 | argument this Court may entertain on this matter.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

ORI moves this Court for issuance of an Order to Show Cause ("OSC") why contempt sanctions should not be assessed against Rieu Shimizu ("Mr. Shimizu"), for his failure to comply with a duly issued subpoena for deposition and production of documents in Las Vegas, Nevada on November 9, 2015. The subpoena issued from the U.S. District Court, Southern District of California, related to a pending case entitled *Obesity Research Institute, LLC. v. Fiber Research International, LLC*, with Case No. 3:15-cv-00595. A true and correct copy of the subpoena is attached hereto as **Exhibit "A."** Mr. Shimizu was personally served with the subpoena on October 7, 2015, in Las Vegas, Nevada, where he regularly transacts business. A true and correct copy of Proof of Service is attached hereto as **Exhibit "B."** Despite ORI's compliance with procedural and substantive requirements relating to service and notice of the subpoena, Mr. Shimizu failed to move for a protective order, move to quash, or file objections to subpoena. Instead, he simply ignored it and refused to appear at his noticed deposition and refused to produce documents. Contempt sanctions must issue.

**II.   RELEVANT FACTUAL BACKGROUND**

**A. THE UNDERLYING ACTION**

ORI issued a subpoena seeking the deposition testimony of Mr. Shimizu relating to an underlying matter currently pending in the Southern District of California, Case No. 3:15-cv-00595 ("the underlying action"), which involves alleged violations of the United States Trademark Act of 1946 (Lanham Act), 15 U.S.C. § 1125 et seq. and related causes of action. *See* Declaration of Sean D. Flaherty ("Flaherty Decl."), ¶1, attached hereto as **Exhibit "C."** In the underlying action, ORI seeks a declaratory judgment that it has no liability to Fiber Research International, LLC ("FRI") for any violation of the Lanham Act or the Federal Food, Drug, and Cosmetic Act related to the sales of its dietary supplement product Lipozene®. FRI filed

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1  counterclaims alleging false advertising and unfair competition arising out of ORI's marketing

2  and sale of its product, Lipozene®.

3      As part of its counterclaims, FRI alleges that it has the "exclusive" right to sell Propol®,

4  which is a branded glucomannan product manufactured by Shimizu Chemical Corporation of

5  Japan.  FRI Answer & First Amended Counterclaims (hereinafter "Counterclaim"), ¶74, attached

6  hereto as **Exhibit "D."**  FRI further alleges that it is the assignee of Shimizu Chemical

7  Corporation's "legal rights of action in the United States for any damages incurred by Shimizu

8  by virtue of any unlawful selling or marketing of products in unfair or unlawful competition with

9  Propol."  Counterclaim, at ¶29.

10      **B.  SHIMIZU'S RELATIONSHIP TO THE UNDERLYING ACTION**

11      There is no doubt that FRI is intimately connected to Shimizu Chemical Corporation and

12  its members.  The entire Counterclaim is based on FRI's ability to stand in the shoes of Shimizu

13  to pursue damages against ORI.  FRI was formed in December 2014, only months before this

14  lawsuit, for the purposes of pursuing this case.[1]  *See* Declaration David T. Gluth ("Gluth Decl.").

15  ¶¶4-7, attached hereto as **Exhibit "F"**; *see also* Nevada Secretary of State Businesses Entity

16  Information, attached hereto as **Exhibit "G."**  FRI designated Mr. Shimizu as a person having

17  discoverable information in its Rule 26 initial disclosures.  *See* FRI's Rule 26(a)(1) Initial

18  Disclosures, attached hereto as **Exhibit "H."**  Mr. Shimizu was listed to testify to, among other

19  things, "the proprietary nature of Propol® and its formulation, efficacy, and substantiation; and

20  how a Japanese firm Shimizu, has assigned to Fiber Research all rights regarding Propol."  *Id.*

21  As a result of FRI having coming into existence at the end of 2014, and Mr. Shimizu being listed

22  as one of only two people – the other being an employee of FRI – with knowledge of "the

23  proprietary nature of Propol® and its formulation, efficacy, and substantiation; and how a

24  Japanese firm Shimizu, has assigned to Fiber Research all rights regarding Propol," Mr.

25

26  [1] On March 10, 2015, FRI's Utah-based outside counsel initiated the parties' dispute by sending
27  a demand letter threatening to sue ORI.  See correspondence attached hereto as **Exhibit "E."**
    FRI is a limited liability company organized in the State of Nevada. *See* Exhibit D, ¶ 28. Upon
28  information and belief, FRI's Articles of Organization were filed on December 22, 2014, less
    than three months before it sent its March 10, 2015 demand letter to ORI. See Exhibit "F."

1    Shimizu's testimony is highly relevant information to the claims and defenses in this case.

2    FRI's counsel has also represented that it would facilitate Mr. Shimizu's cooperation in

3    discovery this case.[2]   Flaherty Decl., ¶8-9.  For example, on October 27, 2015, during a hearing

4    before U.S. Magistrate Judge Mitchell D. Dembin, the following exchange was made regarding

5    FRI's representations that Shimizu Chemical Corporation would be deposed in the United States:

> THE COURT: If, for example, I think we discussed early on -- you weren't there[3] -- whether a deposition in Japan was necessary, the time I think it was clear that Shimizu would not rely upon the international boundary requiring you to go there, embassy time and all that stuff, that can really be a matter of delay, but if something like that happens, I can deal with it.
>
> . . .
>
> MR. FITZGERALD: I do want to clarify at the ENE we don't have control over Shimizu or even though we're licensees, we can't force it to do anything. What we said is we will make our best efforts to see if we can facilitate Shimizu's cooperation, but at the end of the day, we can't force it.
>
> THE COURT: I do remember that, but I also remember the next thing which we don't anticipate it being a problem.
>
> MR. FITZGERALD: Okay.
>
> THE COURT: And –
>
> MR. FITZGERALD: And that's –
>
> THE COURT: I don't hold you to that.

18   *See* Transcript of Motion Hearing, October 27, 2015, pp. 40-41, attached hereto as **Exhibit "I."**

19   In light of the foregoing, Mr. Shimizu should be obligated to comply with discovery

20   efforts made in the underlying action.

21   ### C. THE SUBPOENA

22   Pursuant to FRCP 45, ORI properly issued subpoena for the testimony Mr. Shimizu from

23   the Southern District of California, where the underlying litigation is pending.  *See* **Exhibit "A."**

24   Mr. Shimizu was personally served on October 7, 2015 at the Mandalay Bay Hotel while

25   attending an event called "Supply Side West" which is billed as the biggest trade show in the

26

---

27   [2] In FRI's Rule 26 disclosure, Mr. Shimizu is listed as in "care/of" The Law Office of Jack Fitzgerald, PC, 3636 Fourth Avenue, Suite 202, San Diego, California, 92104." *See* **Exhibit "H."**

28   [3] The Court is referring to ORI's counsel, Gordon & Rees, LLP, who substituted in for prior counsel on September 22, 2015.

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1   dietary supplement, food, beverage, animal nutrition, personal care, cosmetic, pharmaceutical,

2   packaging and sports nutrition industry.  Accordingly because Mr. Shimizu regularly transacts

3   business in Las Vegas, Nevada, ORI effectuated service of the subpoena there.  *See* Declaration

4   of Henny Den Uijl ("Uijl  Decl."), ¶7-9, attached hereto as **Exhibit "J."**; *see also* **Exhibit "B"**;

5   *see also* photographs of Mr. Shimizu accepting service, attached hereto as **Exhibit "K."**  The

6   subpoena was also served on FRI's counsel.  *See* Certificate of Service, attached hereto as

7   **Exhibit "L."**

8   　　　　The subpoena sought the testimony of Mr. Shimizu and the production of documents as

9   to various particularized categories of information, including the purported assignment

10   agreement.  **Exhibit "A"**; Flaherty Decl., ¶6.  Mr. Shimizu was required to appear for deposition

11   on November 9, 2015 at 10:00 a.m. at Gordon & Rees, in Las Vegas. *Id.*

12   　　　　**D.   MR. SHIMIZU'S REFUSAL TO COMPLY WITH THE SUBPOENA**

13   　　　　Prior to the deposition, ORI tried to contact FRI's counsel to confirm Mr. Shimizu's

14   appearance, to no avail.  Flaherty Decl., ¶¶11-12.  On November 3, 2015, FRI's counsel

15   acknowledged Mr. Shimizu was aware of the subpoena and deadline for deposition: "with

16   respect to Shimizu, we are working on it but without a commitment yet, it looks like the

17   deposition will not proceed on November 9.  Assuming we can get Shimizu's commitment to sit

18   for deposition in the U.S., we will provide you proposed dates as soon as we have them." *Id.*; *see*

19   *also* correspondence dated November 3, 2015, attached hereto as **Exhibit "M."**

20   　　　　ORI's counsel responded that it intended to proceed under the valid subpoena unless an

21   alternate date was provided.  *See* correspondence dated November 4, 2015, attached hereto as

22   **Exhibit "N."**  ORI's counsel advised Mr. Shimizu's choices were to 1) negotiate an alternate

23   date, 2) show up to the deposition as noticed, 3) move prior to the deposition for a protective

24   order or motion to quash, or 4) ignore the subpoena and risk contempt of court. *Id.*  Apparently,

25   Mr. Shimizu opted for the fourth option.

26   　　　　On November 9, 2015, Mr. Shimizu failed to appear at the deposition and produce the

27   requested documents.  FRI also did not appear.  ORI made a record of non-appearance for Mr.

28   Shimizu's deposition. *See* Certificate of Non-appearance, attached hereto as **Exhibit "O."**

*Gordon & Rees LLP*
*3770 Howard Hughes Parkway, Suite 100*
*Las Vegas, NV 89169*

1   Mr. Shimizu had more than thirty days to comply or make arrangements to attend the
2   deposition.  No motions to quash or protective orders were filed.  No objections were served
3   regarding the productions of documents.  The subpoena was simply ignored.

### E.  ORI'S EFFORTS TO MEET AND CONFER WITH MR. SHIMIZU

5   Pursuant to local rule 26-7, ORI's counsel attempted to meet and confer with Mr.
6   Shimizu regarding failure to comply with the subpoena for deposition and production of
7   documents in Nevada.  Flaherty Decl., ¶¶15-20.  Specifically, on December 4, 2015, ORI served
8   correspondence via federal express, email, and fax to Rieu Shimizu in Japan.  *Id.; see also*
9   correspondence dated December 4, 2015, attached hereto as **Exhibit "P."**  Counsel for FRI was
10  also copied on the correspondence.  *Id.*  ORI advised Mr. Shimizu that it intended to proceed
11  with contempt sanctions against him for his failure to appear as his properly subpoenaed
12  deposition.  *Id.*  However, in an effort to resolve the issue, ORI requested that Mr. Shimizu
13  produce the responsive documents and appear for deposition in Las Vegas before December 21,
14  2015.  *Id.*  ORI gave Mr. Shimizu until December 11, 2015 to respond.  *Id.*  The letter was
15  delivered on December 7, 2015.  *See* Federal Express delivery confirmation, attached hereto as
16  **Exhibit "Q."**  To date, neither Mr. Shimizu, nor any individual from Shimizu Chemical
17  Corporation has responded.  Flaherty Decl., ¶20.

18  ORI also continued to communicate with FRI's counsel regarding Mr. Shimizu's non-
19  appearance at deposition.  After ignoring the duly issued subpoena, FRI's counsel has
20  represented that Mr. Shimizu would agree to be deposed in Japan, but not in Nevada.  *See*
21  correspondence from FRI's counsel dated November 13, 2015, attached hereto as **Exhibit "R."**
22  ORI should not be forced to bear the burden of foreign travel to obtain evidence from a key
23  witness, when the witness was served with a valid subpoena and enforcement can be had in the
24  United States.  This is especially so when Shimizu Chemical Corporation purportedly chose to
25  assign its rights to bring legal claims in the United States to a company in the United States that
26  did not exist until December, 2014 and Mr. Shimizu is listed "in care of" FRI's counsel.  *See*
27  **Exhibit "H."**  Good faith efforts to resolve this dispute have proven unsuccessful, making the
28  present application necessary.

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1    Mr. Shimizu's testimony and the documents requested are critical to the issues in the

2    underlying case. Contempt sanctions are ORI's only recourse to enforce the subpoena under

3    Rule 45. As detailed herein, ORI requests this Court transfer this application to the Southern

4    District of California for resolution. Alternatively, if the Court retains the application, ORI

5    requests the Court compel compliance with the properly issued subpoena and issue contempt

6    sanctions against Mr. Shimizu.

7    **III.    AUTHORITY**

8    A contempt finding is the sole mechanism to compel a non-party's compliance with a

9    subpoena under Rule 45(g) of the FRCP. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d

10   492, 494 (9th Cir. 1983). A properly issued subpoena is itself a court order and a party's

11   noncompliance may warrant contempt sanctions. *Id.*, 708 F.2d at 494 n.5; *U.S. S.E.C. v. Hyatt*,

12   621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may hold in contempt a

13   person, who having been served, fails without adequate excuse to obey the subpoena or an order

14   related to it." Where a party is seeking to have contempt sanctions imposed against a nonparty,

15   the nonparty has the right for a meaningful opportunity to be heard. *Hyatt*, 621 F.3d at 697-97;

16   *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975).

17   Civil contempt is characterized by the desire to compel compliance with a court order or

18   to compensate a party for the injuries incurred due to noncompliance with an order. *Falstaff*

19   *Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "The party moving for

20   contempt has the burden to establish by clear and convincing evidence that the contemnor has

21   violated a clear and specific court order." *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev.

22   2012), report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 U.S. Dist. LEXIS

23   69602 (D. Nev. May 18, 2012). After the moving party shows by clear and convincing evidence

24   that the contemnor has violated a court order, the burden shifts to the contemnor to show that he

25   took every reasonable step to comply and to explain why compliance was not possible.

26   *Forsythe*, 281 F.R.D. at 587.

27   ///

28   ///

*Gordon & Rees LLP*
*3770 Howard Hughes Parkway, Suite 100*
*Las Vegas, NV 89169*

IV.   **ARGUMENT**

A. **ORI Requests That This Application Be Transferred to the Southern District of California Pursuant to FRCP 45(f)**

Under Rule 45(f), an enforcing court may transfer a motion to the issuing court if the enforcing court finds the party under the subpoena consents, or where there are "exceptional circumstances." The Advisory Committee note to Rule 45(f) provides guidance on what might constitute such circumstances:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. *In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts.* Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Cont'l Auto. Sys., U.S. v. Omron Auto. Elecs., Inc.*, 2014 U.S. Dist. LEXIS 84080, *5-6 (N.D. Ill. June 20, 2014) (emphasis added). The court in *Omron* held that "delving into the merits of the litigation in the Eastern District of Michigan constitutes disrupting that court's management of the underlying litigation." *Id.* The court also warned that a "ruling here may turn out to be inconsistent with the rulings in the Michigan case." *Id.*

Similarly, courts in the District of Nevada have held that it must consider factors such as judicial economy, docket management, and the risk of inconsistent rulings when considering whether to transfer a subpoena related motion under Rule 45(f). *See Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 U.S. Dist. LEXIS 114348, *16-17 (D. Nev. Aug. 15, 2014); *citing Moon Mountain*, 2014 U.S. Dist. LEXIS 94650 *3-4; *Wultz*, 2014 U.S. Dist. LEXIS 73534, *7-8. Whether "exceptional circumstances" exist to warrant the transfer requires a case specific inquiry. *Id.*

Here, the factors weigh heavily in favor of transferring this application to the Southern District of California. Judicial economy is served by allowing Judge Mitchell D. Dembin, the magistrate judge assigned to the underlying action, to hear the application. The Southern District

1   is familiar with the discovery issues surrounding Mr. Shimizu, the assignment, and the

2   representations made by FRI regarding the Shimizu's planned evidentiary contribution to the

3   underlying action. Judge Dembin's standing chamber rules state discovery motions directed at

4   the compliance of non-parties should also be brought before his court. See Chamber Rules and

5   Civil Pretrial Procedures, p. 8, Section IV, Subsection E, attached hereto as **Exhibit "S."**

6   Because discovery issues have been addressed in that district, there also exists the possibility of

7   inconsistent rulings. Finally, there is no undue burden on Mr. Shimizu for having to defend the

8   application in California versus Nevada. It is also evident that Mr. Shimizu is apparently

9   communicating with FRI's counsel, who is based in California. Transferring the application to

10  the District of Southern California is appropriate under the circumstances of this case.

   **B.   In the Alternative, Mr. Shimizu Must be Ordered to Show Cause Why Contempt Should Not Issue For His Failure to Comply with the Subpoena**

      *1.   Mr. Shimizu Failed to Oppose the Subpoena For Personal Appearance*

      A prior court order is <u>not</u> required before contempt sanctions may issue where a

   subpoenaed witness simply fails to appear. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 945 (9th

   Cir. 1993) (noting that even repeated last-minute cancellations constitute "failure to appear").

      If a subpoenaed party seeks to avoid compliance, it must, prior to the deposition, move:

   (1) to quash or modify the subpoena under FRCP 45(c)(3); or (2) for a protective order under

   FRCP 26(c). *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 428

   (M.D.Fla. 2005).

      In this case, it is indisputable that Mr. Shimizu knew about the subpoena and his

   deposition on November 9, 2015. Mr. Shimizu was personally served while he was conducting

   business in Nevada. Uijl Decl., ¶9. Further, Mr. Shimizu confirmed that he knew about the

   subpoena because FRI's counsel confirmed that he was communicating with him about

   compliance. Flaherty Decl., ¶11. Despite this knowledge, Mr. Shimizu did not move (1) to

   quash or modify; or (2) for a protective order. Instead, Mr. Shimizu blatantly ignored the

   subpoena. ORI requests that Mr. Shimizu should be held in contempt and compelled to appear in

   Las Vegas, Nevada for deposition. FRI and Mr. Shimizu cannot hide behind the fact that

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

Shimizu is out of the country, and at the same time, seek damages against ORI via a purported assignment agreement.[4]  FRI has made numerous representations that Shimizu intends to cooperate with discovery, yet when given a month to arrange a deposition; its primary witness simply ignored the subpoena.  These types of dilatory tactics must not be rewarded.  On these grounds, contempt sanctions are warranted.

### 2.   *Mr. Shimizu Failed to Object to the Subpoena For The Production of Documents*

A nonparty witness may object to a subpoena for production of documents with a written objection under Rule 45(d)(2)(B).  The objections must be served within fourteen (14) days after service of the subpoena unless fewer than fourteen days are provided by the subpoenaing party. Failure to serve timely objections waives all grounds for objection, including privilege.  Fed. R. Civ. Proc. 45(d)(2)(B); *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012) ("Failure to serve timely objections may constitute a waiver of objections to the subpoena.").

Mr. Shimizu cannot dispute that he was personally severed with a subpoena with request for the productions of documents on October 7, 2015 in Las Vegas, Nevada. *See* **Exhibit "B."** The subpoena was properly issued from the Southern District of California, where the underlying action is pending.  Rule 45(a)(2); Flaherty Decl., ¶5.  The process server photographed Mr. Shimizu accepting service. *See* **Exhibit "K."** No objections were served.  No appearance at the deposition was made.  No documents were produced.  Mr. Shimizu waived any and all objections to the production of documents. *Forsythe*, 281 F.R.D. at 587.  Mr. Shimizu's failure to timely or properly object to the subpoena warrants contempt sanctions.  He must be compelled to produce the documents and appear for deposition in Las Vegas, Nevada.

///

---

[4] *See, e.g., NML Capital, Ltd. v. Republic of Arg.*, 2015 U.S. Dist. LEXIS 34043 (D. Nev. Mar. 16, 2015).  In *NML Capital*, the court determined that the foreign nonparties in the case are not protected by the Federal Rules' general policy of protecting nonparties from the burdens of conducting discovery because the relationship between the judgment debtor (a sham corporation) and the nonparties raises reasonable suspicion as to the good faith of asset transfers between the two and one nonparty is the alter ego of another nonparty.

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

**3.** *Mr. Shimizu Should Be Sanctioned for his Failure to Participate in Discovery*

While monetary sanctions are not expressly made available against a nonparty under Rule 45, it is well-established that a court may impose fines as a punishment for contempt. *See* 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*, 126 F.3d 215, 220 (3d Cir. 1997) (district court did not abuse authority where it found nonparty in civil contempt for failing to obey court orders and ordered him to repay expenses and attorney's fees related to his noncompliance). *See also*, *Dallas Buyers Club v. DOE-67.170.167.29*, 2015 U.S. Dist. LEXIS 139508, *16-17 (D.Or. Oct. 13, 2015) (finding nonparty in contempt of court and holding moving party entitled to recover costs reasonably incurred with regard to its successful motion to compel nonparty's deposition testimony). The Federal Rules of Civil Procedure are not suggestions. *See, e.g., United States v. Hvass*, 355 U.S. 570, 574-575 (1958). Mr. Shimizu had over thirty days to do something with regard to his deposition. He chose to do nothing. Mr. Shimizu's knowing and willful avoidance of the subpoena merits the assessment of monetary sanctions, especially where, as here, he is FRI's key witness and the source of FRI's alleged entitlement to be a litigant.

Mr. Shimizu chose to ignore the proper subpoena. He made no efforts whatsoever to respond, object, or file a motion. His complete disregard for a court order cannot be condoned. ORI has spent considerable time, expense, and effort in pursuing Mr. Shimizu's compliance with the subpoena. This Court should not only compel Mr. Shimizu to appear in Las Vegas, Nevada for deposition, but also assess monetary sanctions for Mr. Shimizu's willful noncompliance. ORI respectfully requests reimbursement of its attorney's fees and costs related to Mr. Shimizu's missed deposition and the instant pursuit of his compliance. Should this Court award ORI its fees and costs, ORI requests leave of court to file its separate motion for fees and costs.

**V.   CONCLUSION**

For these reasons, ORI respectfully requests this Court transfer the application to the Southern District of California to issue an Order to Show Cause why Mr. Shimizu should not be

1  sanctioned and held in contempt for his failure to comply with the duly issued subpoena.

2  Alternatively, if the Court retains the application, ORI requests this Court compel Mr. Shimizu to

3  appear for deposition in Las Vegas, Nevada and produce the requested documents immediately.

4  ORI also requests monetary sanctions for attorney's fees and costs against Mr. Shimizu for his

5  noncompliance of the subpoena.

6       DATED: January ___11th___, 2016.

7

8                            GORDON & REES LLP

9                            */s/ David T. Gluth*
                          ROBERT S. LARSEN, ESQ.

10                            Nevada Bar No. 7785
                          DAVID T. GLUTH, ESQ.

11                            Nevada Bar No. 10596
                          3770 Howard Hughes Parkway, Suite 100

12                            Las Vegas, Nevada  89169
                          *Attorneys for Obesity Research Institute,*

13                            *LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1110283/26264483v.1

-12-

# EXHIBIT "A"

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | |
|---|---|
| Obesity Research Institute, LLC | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Fiber Research International, LLC | ) |
| _Defendant_ | ) |

Civil Action No.  3:15-cv-00595-BAS-MDD

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Mr. Shimizu

To:

_____
_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: ~~Gordon Rees Scully Mansukhani, LLP~~ 3770 Howard Hughes Pkwy, Suite 100 Las Vegas, NV 89169 | Date and Time: 10:00 AM, November 9, 2015 |
|---|---|

The deposition will be recorded by this method:   stenographic, and/or audio, and/or video recording

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The objects and documents identified in Attachment 1

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 6, 2015

_CLERK OF COURT_

OR

_____          s/ Sean D. Flaherty
Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Obesity Research Institute, LLC
_____ , who issues or requests this subpoena, are:
Sean D. Flaherty; sflaherty@gordonrees.com; 101 W. Broadway, Suite 2000, San Diego, CA 92101; 619-230-7473

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:15-cv-00595-BAS-MDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0____ .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                                *Server's signature*

                                                     _____
                                                                *Printed name and title*

                                                     _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

RICHARD P. SYBERT  (SBN:  080731)
rsybert@gordonrees.com
SEAN D. FLAHERTY  (SBN:  272598)
sflaherty@gordonrees.com
AMANDA R. ABELN  (SBN:  290309)
abeln@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Plaintiff
OBESITY RESEARCH INSTITUTE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company,<br><br>        Plaintiff.<br><br>vs.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, a Nevada limited liability company, and DOES 1-10, inclusive,<br><br>        Defendants,<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>        Counterclaimant,<br><br>vs.<br><br>OBESITY RESEARCH INSTITUTE, LLC,<br><br>        Counter-defendant. | **CASE NO.  3:15-cv-00595-BAS-MDD**<br><br>**ATTACHMENT 1 TO DEPOSITION SUBPOENA OF MR. SHIMIZU**<br><br>**Date:**    **November 9, 2015**<br>**Time:**    **10:00 AM**<br>**Place:**   **Gordon Rees Scully Mansukhani, LLP**<br>         **3770 Howard Hughes Pkwy, Suite 100**<br>         **Las Vegas, NV 89169** |

///

///

///

-1-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## **ATTACHMENT 1 – DEFINITIONS**

The terms "DOCUMENT" or "DOCUMENTS" as used below, shall include all items set forth in Rule 34(a) of the Federal Rules of Civil Procedure, as amended, as well as:

i. All written, typed, electronic or other graphical material of any kind or nature, and any other tangible thing by which information or data is stored, including, without limitation, any writing as defined by Rule 1001 of the Federal Rules of Evidence, including the original, any copy, any non-identical copy, and/or draft of any drawing, film, graph, chart, photograph, phone record, mechanical or electrical sound recording, or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other data compilation for which information can be obtained.

ii. All contracts, forms, correspondence, letters, facsimile transmissions, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversation, memoranda, reports, diaries, minutes, statements, worksheets, resumes, summaries, notes, jottings, books, journals, ledgers, audits, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, financial statements, calendars, analyses and other tangible writings, including all partial and complete copies, drafts and final versions thereof, and attachments and enclosures therewith.

iii. All copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.

iv. All materials as described above within the possession, control or custody of plaintiffs, or any duly authorized representative of Plaintiff, including spouse,

-2-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

representatives, agents, attorneys, accountants, consultants, advisors, or other professionals or providers. Without limiting the term "control," a document is deemed to be within Plaintiff's control if Plaintiff has ownership, possession or custody of the document, or the right to secure the document from any person or public or private entity having physical possession thereof.

The term "REGARDING" shall include, without limitation, documents "to" "from" "with" "carbon copied" "blind copied" and "among" the persons or things that the demand regards.

"ORI" means Obesity Research Institute, LLC.

## ATTACHMENT 1

## REQUESTS FOR  DOCUMENTS AND OBJECTS

1. All DOCUMENTS regarding YOUR dealings with Fiber Research International, LLC regarding any glucomannan product to be sold or distributed in the United States.

2. All certificates of analysis or similar DOCUMENTS for all of YOUR glucomannan products, since January 1, 2006.

3. All certificates of analysis or similar DOCUMENTS for all of the glucomannan sold by YOU to anyone for use in any ORI product.

4. All tests, analysis, or quality assurance reports performed on YOUR glucomannan products, since January 1, 2006.

5. All tests, analysis, or quality assurance reports performed on any of YOUR glucomannan products, that were sold by YOU to any manufacturer for use in any ORI product.

6. All studies, scientific evidence, or other DOCUMENTS that support or relate in any manner to each and every advertising or marketing claim made in the United States regarding YOUR glucomannan products.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-3-

ATTACHMENT TO DEPOSITION SUBPOENA
OF MR. SHIMIZU                                    CASE NO.  3:15-cv-00595-BAS-MDD

7. All ingredient lists, formulation schedules, and similar DOCUMENTS for each of the glucomannan products sold by YOU to anyone for use in any ORI product, including any changes thereto..

8. Any and all product specifications for the glucomannan YOU import to the United States for sale, since January 1, 2006.

9. All documents evidencing all of the names of the different types of PROPOL branded products you import to the United States for sale.

10. All documents evidencing product specifications for all of the different types of PROPOL branded products you import to the United States for sale.

11. All DOCUMENTS evidencing consumer complaints regarding any and all PROPOL® branded products.

12. All DOCUMENTS regarding chemical comparison tests as between PROPOL® branded products and any other product manufactured for ORI, including LIPOZENE®.

13. All DOCUMENTS regarding efficacy comparison tests as between the performance of PROPOL® branded products and the performance of any products manufactured for ORI, including LIPOZENE®.

14. All DOCUMENTS regarding any exclusive sales contract(s) between YOU and Fiber Research International, LLC.

15. All DOCUMENTS regarding any assignment(s) of rights from YOU to Fiber Research International, LLC to pursue damages against third parties.

16. All DOCUMENTS regarding instances of confusion reported to YOU by anyone as between PROPOL® branded products and any product manufactured for ORI, including LIPOZENE®.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-4-

17. All DOCUMENTS regarding YOUR dealings with Vitaquest, International with respect to glucomannan, including but not limited to PROPOL branded products.

18. All DOCUMENTS regarding YOUR dealings with AHD International, LLC regarding glucomannan, including but not limited to PROPOL branded products.

19. All DOCUMENTS regarding YOUR dealings with Basic Research, LLC., including but not limited to documents between you and their agents, employees, attorneys and other representatives.

20. All DOCUMENTS regarding YOUR dealings with Western Holdings, LLC, including but not limited to documents between you and their agents, employees, attorneys and other representatives.

21. All DOCUMENTS regarding  YOUR dealings with Quality IP Holdings, LLC., including but not limited to documents between you and their agents, employees, attorneys and other representatives.

22. All DOCUMENTS regarding YOUR dealings with John Alkire.

23. All DOCUMENTS regarding YOUR dealings with Jason Kerr.

24. All DOCUMENTS regarding YOUR dealings with Christopher Sullivan.

25. All DOCUMENTS regarding YOUR dealings with Jack Fitzgerald.

26. All DOCUMENTS regarding YOUR dealings with Vitatech Nutritional Sciences, Inc. regarding glucomannan, including but not limited to PROPOL.

27. All DOCUMENTS regarding YOUR dealings with West Coast Laboratories, Inc. regarding glucomannan, including but not limited to PROPOL.

28. All DOCUMENTS regarding YOUR dealings with 21st Century Healthcare, Inc. regarding glucomannan, including but not limited to PROPOL

-5-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

29. All DOCUMENTS regarding YOUR dealings with Nutralliance, regarding glucomannan, including but not limited to PROPOL.

30. All DOCUMENTS regarding YOUR dealings with Obesity Research Institute, LLC regarding glucomannan, including but not limited to PROPOL.

31. All DOCUMENTS in YOUR possession related to the "Georgetown Study." As used herein, the "Georgetown Study" is specifically identified as: Kaats G. R. et. al. *A Randomized Double-Blinded Placebo-Controlled Study of Overweight Adults Comparing the Safety and Efficacy of a Highly Viscous Glucomannan Dietary Supplement (Propol)* Georgetown University, Washington, D.C., 2004.

32. All DOCUMENTS regarding YOUR dealings with Henny den Uijl regarding glucomannan, including but not limited to PROPOL.

33. All DOCUMENTS regarding YOUR dealings with Brian Cortlette regarding glucomannan, including but not limited to PROPOL. .

34. All DOCUMENTS regarding YOUR dealings with James Ayers regarding glucomannan, including but not limited to PROPOL.

35. All DOCUMENTS regarding YOUR research, development, formulation, and manufacturing of glucomannan products sold in the United States for use in any ORI product.

36. All DOCUMENTS regarding YOUR research, development, formulation, and manufacturing of glucomannan products sold in the United States.

37. All DOCUMENTS regarding the origin of any of YOUR glucomannan products sold in the United States for use in any ORI product.

38. All DOCUMENTS regarding the origin of any of YOUR glucomannan products sold in the United States.

-6-

39. All DOCUMENTS regarding YOUR quality control processes of glucomannan products sold in the United States for use in any ORI product..

40. All DOCUMENTS regarding YOUR quality control processes of glucomannan products sold in the United States.

41. All DOCUMENTS regarding YOUR marketing efforts promoting glucomannan products for use in the United States. since January 1, 2006.

42. All DOCUMENTS regarding the efficacy of YOUR glucomannan, including but not limited to PROPOL branded products, in assisting in weight loss and other health benefits.

43. All DOCUMENTS regarding medical and/or clinical studies relied on by YOU in making claims related to glucomannan products.

44. All DOCUMENTS regarding historical financial information showing YOUR costs to manufacture YOUR glucomannan products, including but not limited to PROPOL, from the date you began to sell glucomannan products into the United States of America to present.

45. All DOCUMENTS regarding historical financial information showing the sales and profits of YOUR glucomannan products, including but not limited to PROPOL, from the date you began to sell glucomannan products into the United States of America to present.

46. All DOCUMENTS regarding future projections of the sales and profits of YOUR glucomannan products, including but not limited to PROPOL, from the date you began to sell glucomannan products into the United States of America to present.

47. All DOCUMENTS regarding historical unit sales information of YOUR glucomannan products, including but not limited to PROPOL, from the date you began to sell glucomannan products into the United States of America to present.

-7-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

48. All DOCUMENTS regarding regarding future unit sales projections of YOUR glucomannan products, including but not limited to PROPOL, from the date you began to sell glucomannan products into the United States of America to present.

49. All DOCUMENTS regarding YOUR knowledge as to whether and how glucomannan manufactured or processed by entities other than Shimizu Chemical Corporation are different as compared to YOUR glucomannan products.

50. All DOCUMENTS regarding YOUR knowledge as to whether and how glucomannan manufactured or processed by entities other than Shimizu Chemical Corporation are less efficacious as compared to YOUR glucomannan products.

51. All DOCUMENTS regarding any and all assignment of rights of any PROPOL® trademark(s) in the United States.

52. All DOCUMENTS regarding any and all licensing efforts of any PROPOL® trademark(s) in the United States.

53. All DOCUMENTS regarding the application for, registration of, or maintenance of, any PROPOL® trademarks in the United States.

54. All DOCUMENTS regarding YOUR efforts to distribute YOUR glucomannan products into the United States.

55. All DOCUMENTS regarding revenue losses or profit losses YOU contend YOU have suffered as a result of competition from Lipozene® and/or any other ORI product.

56. All DOCUMENTS regarding composition tests of any ORI product, including LIPOZENE®.

57. All DOCUMENTS regarding efficacy tests of any ORI product, including LIPOZENE®.

-8-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

58. All DOCUMENTS regarding YOUR knowledge of viscosity levels, and the period of time for which those levels are sustained, of PROPOL® branded products.

59. All DOCUMENTS regarding YOUR knowledge of viscosity levels, and the period of time for which those levels are sustained, of LIPOZENE® branded products and/or any other ORI product.

60. All DOCUMENTS regarding YOUR intention to cease using the PROPOL® trademark in the United States, since January 1, 2006.

61. One 28 gram sample of each type of glucomman product currently offered by YOU for sale into the United States of America.

62. One 28 gram sample of each type of glucomman product for which YOU have provided Fiber Research International, LLC the right to distribute in the United States of America.

63. One 28 gram sample of each type of glucomannan product YOU have ever provided to anyone in the United States for use in an ORI product.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1110283/25284048v.1

-9-

ATTACHMENT TO DEPOSITION SUBPOENA
OF MR. SHIMIZU                                CASE NO.  3:15-cv-00595-BAS-MDD

EXHIBIT "B"

| SEAN D. FLAHERTY<br>GORDON REES SCULLY MASUKHANI, LLP<br>101 WEST BROADWAY, SUITE 2000   SAN DIEGO, CA 92101<br>Attorney For: Plaintiff | SBN: 272598 | FOR COURT USE ONLY |
|---|---|---|
| TELEPHONE NO.: (619) 230-7473                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): | | |

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA |
|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:, CA<br>BRANCH NAME: |

| Plaintiff: OBESITY RESEARCH INSTITUTE, LLC, ETC. | |
|---|---|
| Defendant: FIBER RESEARCH INTERNATIONAL, LLC, ETC. | CASE NUMBER:<br>3:15-CV-00595-BAS-MDD |

| PROOF OF SERVICE | HEARING DATE:<br>11/09/2015 | DAY: | TIME:<br>10:00 am | DEPT.: | Ref No. or File No.:<br>ORI LLC/FRI LLC |
|---|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED **COPIES** OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; ATTACHMENT 1 TO DEPOSITION SUBPOENA OF
MR. SHIMIZU**

|  |  |
|---|---|
| PARTY SERVED: | **MR. SHIMIZU** |
| DATE & TIME OF DELIVERY: | **10/07/2015<br>02:20 pm** |
| ADDRESS, CITY, AND STATE: | **3950 SOUTH LAS VEGAS BLVD.<br>LAS VEGAS, NV 89119** |

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

WITNESS FEES:
**The witness demanded witness fees, and said witness was paid the sum of $43.50.**

Fee for Service:
NATIONWIDE County:
LEGAL Registration No.: **NV PI #1692**
**Nationwide Legal, LLC (12-234648)
1609 James M. Wood Blvd., 2nd Fl
Los Angeles, CA 90015
(213) 249-9999
Ref: ORI LLC/FRI LLC**

I declare under penalty of perjury under the laws of The
United States that the foregoing information contained in
the return of service and statement of service fees is
true and correct and that this declaration was executed
on October 8, 2015.

Signature: _____
JAMES NOBREGA

PROOF OF SERVICE

EXHIBIT "C"

1  ROBERT S. LARSEN, ESQ.
   Nevada Bar No. 7785
2  DAVID T. GLUTH, ESQ.
   Nevada Bar No. 10596
3  GORDON & REES LLP
   3770 Howard Hughes Parkway Suite 100
4  Las Vegas, Nevada  89169
   Telephone:  (702) 577-9300
5  Facsimile:  (702) 255-2858
   Email:  rlarsen@gordonrees.com
6         dgluth@gordonrees.com

7  *Attorneys for Obesity Research*
   *Institute, LLC*

8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11

12  OBESITY RESEARCH INSTITUTE, LLC, a   )   CASE NO.
    California limited liability company,       )
13                                              )   **DECLARATION OF SEAN D.**
                      Plaintiff.                )   **FLAHERTY, ESQ. IN SUPPORT OF**
14                                              )   **APPLICATION FOR ISSUANCE OF AN**
         vs.                                    )   **ORDER TO SHOW CAUSE WHY RIEU**
15                                              )   **SHIMIZU SHOULD NOT BE HELD IN**
    FIBER RESEARCH INTERNATIONAL,       )   **CONTEMPT AND SANCTIONED**
16  LLC, a Nevada limited liability company, and )
    DOES 1-10, inclusive,                       )
17                                              )   [Underlying Case:
                      Defendants,               )   USDC District of California
18                                              )   Case No.: 15-cv-595-BAS-MDD]
    _____         )
19  FIBER RESEARCH INTERNATIONAL,       )
    LLC,                                         )
20                                              )
                      Counterclaimant,          )
21                                              )
         vs.                                    )
22                                              )
    OBESITY RESEARCH INSTITUTE, LLC,   )
23                                              )
                      Counter-defendant.        )
24  _____         )

25           __DECLARATION OF SEAN D. FLAHERTY, ESQ.__

26      I, Sean D. Flaherty, hereby declare as follows:

27      1.     I am an attorney at Gordon & Rees LLP and attorney of record for Plaintiff and

28  Counter-defendant Obesity Research Institute, LLC ("ORI") in a case pending in the U.S.

District Court, Southern District of California, *Obesity Research Institute, LLC. v. Fiber Research International, LLC*, Case No. 3:15-cv-00595, (the "underlying litigation") which involves alleged violations of the Lanham Act 15 U.S.C. § 1125 *et seq.* and related causes of action.

2.   I am over the age of 18 years old and competent to testify as to the following facts based upon my own personal knowledge or, where indicated, upon information and belief.

3.   I make this Declaration in support of the Application for Issuance of an Order to Show Cause Why Rieu Shimizu Should Not Be Held In Contempt and Sanctioned.

4.   ORI issued a subpoena seeking the deposition testimony of Mr. Shimizu for the deposition and production of documents in Las Vegas, Nevada on November 9, 2015 at Gordon & Rees Las Vegas office.  It is my understanding that that Mr. Shimizu's first name is Ryusuke, for which "Rieu" is a shortened version.

5.   Pursuant to FRCP 45, the subpoena was issued from the Southern District of California, where the underlying litigation is pending.

6.   The subpoena sought the testimony of Mr. Shimizu and the production of documents related to the underlying case, including a purported assignment agreement upon which Fiber Research International, LLC ("FRI"), bases its counterclaims.   A true and correct copy of the subpoena to Mr. Shimizu is included herein as **Exhibit "A."**

7.   On October 7, 2015, Mr. Shimizu was personally served with the subpoena in Las Vegas, Nevada, where he regularly transacts business.  A true and correct copy of the proof of service is included herein as **Exhibit "B."**

8.   Mr. Shimizu's testimony is highly relevant information to the claims and defenses in this case. FRI designated Mr. Shimizu as a person having discoverable information in its Rule 26 initial disclosures. A true and correct copy of FRI's Rule 26(a)(1) Initial Disclosures included herein as **Exhibit "H."**

9.   During the course of the litigation, FRI's counsel has represented to ORI and the court that it would facilitate Shimizu's cooperation in discovery this case, including during a

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1  discovery hearing.  A true and correct copy of the relevant portions of the transcript the October

2  27, 2015 discovery hearing is included herein as **Exhibit "I."**

3       10.    The subpoena was also served on counsel for FRI. A true and correct copy of the

4  Certificate of Service is included herein as **Exhibit "L."**

5       11.    Prior to Mr. Shimizu's deposition, ORI's counsel attempted to confirm his

6  appearance with FRI's counsel. On November 3, 2015, FRI's counsel confirmed that both FRI

7  and Mr. Shimizu were aware of the subpoena and deadline for deposition, noting they were

8  "working on it." A true and correct copy of email correspondence is included herein as **Exhibit**

9  **"M."**

10       12.    On November 4, 2015, ORI responded that it intended to proceed with the validly

11  served subpoena unless an alternate date was provided.  A true and correct copy of email

12  correspondence is included herein as **Exhibit "N."**

13       13.    On November 9, 2015, Mr. Shimizu failed to appear for deposition in Las Vegas.

14  No one on behalf of FRI appeared.  No documents were produced.  ORI took a notice of non-

15  appearance for Mr. Shimizu.  A true and correct copy of the Certificate of Non-appearance is

16  included herein as **Exhibit "O."**

17       14.    Prior to the November 9, 2015 deposition, no one filed a motion for a protective

18  order or motion to quash.  No one served objections to the production of documents.  No one

19  provided alternative dates for deposition.

20       15.    On December 4, 2015, pursuant to local rule 26-7, ORI's counsel attempted to

21  meet and confer with Mr. Shimizu regarding his compliance with the subpoena for deposition in

22  Nevada. On that date, ORI served correspondence to Rieu Shimizu, who upon information and

23  belief, resides in Japan.  The letter was sent via federal express, email, and fax.  Counsel for FRI

24  was also copied on the correspondence.  A true and correct copy of the meet and confer letter

25  sent to Mr. Shimizu is included herein as **Exhibit "P."**

26       16.    ORI advised Mr. Shimizu that it intended to proceed with contempt sanctions

27  against him for his failure to appear as his properly subpoenaed deposition.  In an effort to

28

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1   resolve the issue, ORI requested that Mr. Shimizu produce the responsive documents and appear

2   for deposition in Las Vegas before December 21, 2015. *Id.*

3          17.   ORI gave Mr. Shimizu until December 11, 2015 to comply with the subpoena. *Id.*

4          18.   The meet and confer letter was delivered on December 7, 2015. A true and

5   correct copy of federal express delivery confirmation is included herein as **Exhibit "Q."**

6          19.   After disregarding the subpoena, FRI's counsel represented that Mr. Shimizu

7   would only be deposed in Japan, not in Nevada. A true and correct copy of email

8   correspondence is included herein as **Exhibit "R."**

9          20.   Mr. Shimizu did not respond to the subpoena or the December 4, 2015 letter.

10         21.   The assigned magistrate in the underlying action, the Honorable Judge Mitchell D.

11  Dembin, has standing Chamber Rules and Civil Pretrial Procedures for matters pending before

12  him. A true and correct copy of Judge Dembin's chamber rules are included herein as **Exhibit**

13  **"S."**

14         22.   ORI has made a good faith effort to confer with Rieu Shimizu and counsel for FRI

15  regarding Mr. Shimizu's appearance and production of documents in Las Vegas, but have been

16  unable to resolve the issue, making the present application necessary.

17         I declare under penalty of perjury under the laws of the United States of America and the

18  State of Nevada that the foregoing is true and correct. This declaration was executed on

19         DATED: January 9, 2016.

20

21

22  SEAN D. FLAHERTY, ESQ.

23

24

25

26

27

28

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1110283/26104880v.1

EXHIBIT "D"

1   **THE LAW OFFICE OF JACK**
2   **FITZGERALD, PC**
    JACK FITZGERALD (257370)
3   *jack@jackfitzgeraldlaw.com*
    TREVOR M. FLYNN (253362)
4   *trevor@jackfitzgeraldlaw.com*
5   TRAN NGUYEN (301593)
    *tran@jackfitzgeraldlaw.com*
6   Hillcrest Professional Building
7   3636 Fourth Avenue, Suite 202
    San Diego, California 92103
8   Phone: (619) 692-3840
9   Fax: (619) 362-9555

10  *Counsel for Defendant Fiber Research*
11  *International, LLC*

12              **UNITED STATES DISTRICT COURT**
13              **SOUTHERN DISTRICT OF CALIFORNIA**

14  OBESITY RESEARCH INSTITUTE, LLC,   Case No. 15-cv-595-BAS-MDD
15
16      Plaintiff & Counterclaim-Defendant,   **ANSWER & COUNTERCLAIMS FOR**
                                              **VIOLATION OF THE LANHAM ACT,**
17              v.                            **CALIFORNIA UNFAIR**
                                              **COMPETITION LAW, AND**
18  FIBER RESEARCH INTERNATIONAL,            **CALIFORNIA FALSE ADVERTISING**
19  LLC,                                     **LAW**
20      Defendant & Counterclaim-Plaintiff.   DEMAND FOR JURY TRIAL
21
22
23
24
25
26
27
28

---

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
ANSWER & COUNTERCLAIMS

## ANSWER

Defendant Fiber Research International, LLC ("Fiber Research") answers the allegations made by plaintiff Obesity Research Institute, LLC ("Obesity Research") in its Complaint as follows:

### JURISDICTION AND VENUE

1.     Admitted that the Court has subject matter jurisdiction and that plaintiff seeks a declaration.

2.     Admitted that venue is proper.

### PARTIES

3.     Defendant has insufficient information with which to admit or deny, and therefore presently denies the allegations of paragraph 3 of the Complaint.

4.     Admitted.

5.     Defendant has insufficient information with which to admit or deny, and therefore presently denies the allegations of paragraph 5 of the Complaint.

6.     Defendant does not know of any "DOES" and, as such, defendant has insufficient information with which to admit or deny and therefore presently denies the allegations of paragraph 6 of the Complaint.

### FACTUAL ALLEGATIONS

7.     Admitted that plaintiff seeks declaratory relief, but defendant has insufficient information as to plaintiff's motive in doing so and therefore presently denies the remainder of paragraph 7 of the Complaint.

8.     On information and belief, defendant denies that plaintiff's products contain or contained Glucomannan during any of the relevant time periods. Defendant admits the remaining averments contained in paragraph 8 of the Complaint.

9.     Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015. The letter speaks for itself and therefore, to the extent the remaining

1

averments contained in this paragraph characterize or interpret said letter, defendant denies them.

10.    Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015. The letter speaks for itself and therefore, to the extent the remaining averments contained in this paragraph characterize or interpret said letter, defendant denies them.

11.    Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015. The letter speaks for itself and therefore, to the extent the remaining averments contained in this paragraph characterize or interpret said letter, defendant denies them.

12.    Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015. The letter speaks for itself and therefore, to the extent the remaining averments contained in this paragraph characterize or interpret said letter, defendant denies them.

13.    Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015. The letter speaks for itself and therefore, to the extent the remaining averments contained in this paragraph characterize or interpret said letter, defendant denies them.

14.    Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015. The letter speaks for itself and therefore, to the extent the remaining averments contained in this paragraph characterize or interpret said letter, defendant denies them.

15.    Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015. The letter speaks for itself and therefore, to the extent the remaining averments contained in this paragraph characterize or interpret said letter, defendant denies them.

16.    Defendant admits that plaintiff currently denies all wrongdoing.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
ANSWER & COUNTERCLAIMS

## FIRST CLAIM FOR RELIEF

## Declaratory Judgment – ORI Has No Liability Under the Lanham Act, 15 U.S.C. § 1125 *et seq.*

### (By Plaintiff Against All Defendants)

17.     Defendant incorporates by reference its responses contained in paragraphs 1-16 above as if fully set forth herein.

18.     Paragraph 18 of the Complaint is a legal conclusion rather than an alleged fact, and therefore presently is denied.

19.     Defendant admits plaintiff seeks a determination as set forth in this paragraph, but denies plaintiff has any legal or factual grounds for the determination it seeks.

## SECOND CLAIM FOR RELIEF

## Declaratory Judgment – ORI Has No Liability Under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*

### (By Plaintiff Against All Defendants)

20.     Defendant incorporates by reference its responses contained in paragraphs 1-19 above as if fully set forth herein.

21.     Paragraph 21 of the Complaint is a legal conclusion rather than an alleged fact, and therefore presently is denied.

22.     Defendant admits the plaintiff seeks a determination as set forth in this paragraph, but denies plaintiff has any legal or factual basis to the determination it seeks.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

23.     Defendant is informed and believes and therefore alleges that plaintiff's Complaint, and each and every claim for relief thereof, is barred by the doctrine of unclean hands.

3

## COUNTERCLAIMS

Fiber Research, by and through its undersigned counsel, hereby brings the below Counterclaims against Obesity Research, alleging the following on personal knowledge or, where Fiber Research lacks personal knowledge, upon information and belief, including the investigation of its counsel.

## INTRODUCTION

24.    Obesity Research has violated the Lanham Act and California law because the packaging and advertising for its popular Lipozene weight loss product misleads consumers into believing that it contains pure and unadulterated Glucomannon (a dietary fiber) that is functionally and chemically equivalent to the very high-quality Propol Glucommannon products manufactured by Japanese company Shimizu Chemical Corporation. In fact, testing shows the "Glucomannon" in Lipozene is inferior and adulterated. As the exclusive seller of Propol Glucommannon products in the United States, Fiber Research brings this action to stop Obesity Research's unlawful behavior and be compensated for its damages.

## JURISDICTION & VENUE

25.    This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of California. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1367 (supplemental jurisdiction).

26.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b).

## PARTIES

27.    Defendant and Counterclaim-Plaintiff Fiber Research International, LLC is a limited liability company organized under the laws of the State of Nevada

28.    Plaintiff and Counterclaim-Defendant Obesity Research Institute, LLC is a limited liability company located in Reno, Nevada and San Diego County, California.

## FACTS

29.     During the 1970's, Shimizu Chemical Corporation investigated and analyzed the benefits and properties of plant natural polymer, and identified the dietary fiber Glucomannan (PropolMannan). Shimizu established the production method for Glucomannan dietary fiber, filing patents in 37 countries, including the United States, for its proprietary Glucomannan product, "Propol." Today, Propol products provide the highest-quality pure Glucomannan available on the market. As developed, marketed, and manufactured by Shimizu, Propol's efficacy is supported by multiple clinical studies.

30.     Fiber Research has the exclusive right to sell Propol in the United States, and Shimizu has assigned to Fiber Research all rights to bring legal action in the United States for any damages incurred by virtue of any unlawful selling or marketing of products in competition with Propol.

31.     Obesity Research markets and sells throughout the United States a popular weight loss dietary supplement called Lipozene, which is purportedly made from Konjac Root, more commonly known as Glucomannan.

32.     Obesity Research markets Lipozene as "Clinically Proven" based on "numerous studies," further representing that there exist studies demonstrating the efficacy of Lipozene's main ingredient in alleviating constipation, reducing cholesterol, and regulating blood sugar. As an example of Obesity Research's marketing for Lipozene, attached hereto as Exhibit 1 is a true and correct copy of a page from Obesity Research's Lipozene website (**www.lipozene.com/clinical-studies**).

33.     But contrary to Obesity Research's statements, the Glucomannan in Lipozene is categorized as "konjac gum," and does not have the functional benefits of Propol. Further, there is no reliable clinical data supporting the efficacy of konjac gum in reducing cholesterol, controlling diabetes, or supporting weight loss.

34.     Testing confirms the inferiority of the "Glucomannan" in Lipozene, showing that Propol has a high viscosity, approximately 80,000 mPa.S, which is maintained for over

5

24 hours, while Lipozene's viscosity  spikes at less than 5,000 mPa.S, which is maintained for less than 24 hours.

35.     Lipozene's lower viscosity means that it remains in the gut for less time and does not have the same satiety effects as Propol A. Because Lipozene is supposed to work by making the user feel fuller longer, the weight loss effect of Lipozene is significantly less than Propol, and significantly exaggerated in Obesity Research's advertising.

36.     Moreover, Lipozene is adulterated. Testing shows the presence of Glucuronic acid and Galactose, chemical markers of Xanthan Gum, is often used to "spike" cheap "Glucomannan" products.

37.     Testing further demonstrates Lipozene contains quantities of sulfites that exceed the regulatory threshold for labeling, such that Lipozene should be labeled with an allergen warning. But Obesity Research falsely represents there are "No known allergens in this product."

38.     Moreover, a substantial part, if not all, of the clinical studies on which Obesity Research relies for its "Clinically Proven" and related claims were not conducted or owned by Obesity Research, did not study Lipozene, and did not study a product equivalent to Lipozene, such that the studies to not actually establish Obesity Research's claims for Lipozene.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### VIOLATION OF THE LANHAM ACT, 15 U.S.C. §§ 1125 *ET SEQ.*
### (False Advertising, Unfair Competition, and False Designations in Violation of § 1125(a)(1))

39.     Fiber Research incorporates by reference the preceding paragraphs of its counterclaims as though fully set forth herein.

40.     Obesity Research's advertising, marketing and representations for Lipozene are false and misleading. Obesity Research uses in interstate commerce false, deceptive and/or

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
ANSWER & COUNTERCLAIMS

1  misleading descriptions in commercial advertising and marketing that misrepresent the
2  nature, characteristics, and qualities of Lipozene.

3       41.   Obesity Research's false and misleading statements actually confuse and
4  deceive, or have the tendency to, and are likely to confuse and deceive an appreciable number
5  of relevant consumers and members of the trade. Obesity Research's false and misleading
6  statements are material and likely to influence the purchasing decisions of actual and
7  prospective purchasers of Lipozene and Propol products.

8       42.   Obesity Research's false and misleading statements have diverted, do divert, and
9  will continue to divert sales to Lipozene at the expense of Propol products, and have lessened,
10 are lessening, and will continue lessen the goodwill enjoyed by Propol products, if not
11 enjoined.

12      43.   Obesity Research's acts constitute false advertising, unfair competition, and
13 false designations in violation of the Lanham Act § 43 (a)(1), 15 U.S.C. § 1125 (a)(1).

14      44.   Obesity Research's acts have deceived and, unless restrained, will continue to
15 deceive the public, including consumers and retailers, and have injured and will continue to
16 injure Fiber Research and the public, including consumers and retailers, causing damage to
17 Fiber Research in an amount to be determined at trial, and other irreparable injury to the
18 goodwill and reputation of Propol products.

19      45.   Obesity Research's acts of false and misleading advertising are willful,
20 intentional, and egregious, and make this an exceptional case within the meaning of 15 U.S.C.
21 § 1117(a).

22      46.   Fiber Research has no adequate remedy at law to compensate it for all the
23 damages Obesity Research's wrongful acts have and will cause.

24
25
26
27
28

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

47.    Fiber Research incorporates by reference the preceding paragraphs of its counterclaims as though fully set forth herein.

48.    The UCL prohibits any "unlawful, unfair or fraudulent business act or practice," Cal. Bus. & Prof. Code § 17200.

49.    Obesity Research conduct as alleged herein is "fraudulent" within the meaning of the UCL because Obesity Research made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements concerning the nature, quality, and characteristics of Lipozene.

50.    Obesity Research's conduct as alleged herein is "unlawful" within the meaning of the UCL because it violates at least the following statutes:

- The Lanham Act, 15 U.S.C. § 1125(a)
- The Federal Food, Drug, and Cosmetic Act, 321 U.S.C. §§ 301 *et seq.*
- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*
- The California Sherman Act, Cal. Health & Safety Code § 110660

51.    Obesity Research's conduct with respect to the labeling, advertising, and sale of Lipozene as alleged herein was "unfair" within the meaning of the UCL because it was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, did not outweigh the gravity of the harm to its victims.

52.    Obesity Research's conduct with respect to the labeling, advertising, and sale of Lipozene as alleged herein was also "unfair" because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including the False Advertising Law.

53.    Obesity Research's conduct with respect to the labeling, advertising, and sale of Lipozene was also "unfair" because the consumer injury was substantial, not outweighed by

benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

54.    As a direct and proximate result of Obesity Research's wrongful conduct, Fiber Research has suffered injury in fact and lost money or property, including lost sales and damage to Fiber Research's and Propol products' goodwill with existing, former, and potential customers and consumers.

55.    Obesity Research's wrongful conduct has also damaged consumers.

56.    These wrongful acts have proximately caused and will continue to cause Fiber Research substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers and diminution of the value of Propol products. The harm these wrongful acts will cause is both imminent and irreparable, and the amount of damage sustained by Fiber Research will be difficult to ascertain if these acts continue. Fiber Research has no adequate remedy at law.

57.    Fiber Research is entitled to an injunction restraining Obesity Research from engaging in further such unlawful conduct.

58.    Fiber Research is further entitled to restitution from Obesity Research.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

59.    Fiber Research incorporates by reference the preceding paragraphs of its counterclaims as though fully set forth herein.

60.    The FAL prohibits any statement in connection with the sale of goods "which is untrue or misleading," Cal. Bus. & Prof. Code § 17500.

61.    Obesity Research knew or in the exercise of reasonable care should have known that, as alleged herein, its publicly-disseminated statements and omissions regarding Lipozene were false and misleading. Obesity Research's false advertising injured consumers and Fiber Research.

9

62.   By reason of Obesity Research's conduct, Fiber Research has suffered injury in fact and has lost money or property, including lost sales and damage to Fiber Research's and Propol products' goodwill with existing, former, and potential customers and consumers.

63.   Obesity Research has caused, and will continue to cause, immediate and irreparable injury to Fiber Research, including injury to its business, reputation and goodwill, for which there is no adequate remedy at law.

64.   Fiber Research is entitled to an injunction restraining Obesity Research from engaging in further such acts.

65.   Fiber Research is further entitled to restitution from Obesity Research.

**PRAYER FOR RELIEF**

66.   WHEREFORE, Fiber Research respectfully requests the following relief:

A.   A permanent injunction against Obesity Research, its officers, agents, employees, affiliates, parents, and all persons acting in concert or participation with them who receive actual notice of the injunction by personal service or otherwise, enjoining and restraining them directly or indirectly from falsely advertising, marketing, packaging, labeling, and/or selling Lipozene using any false representations, which misrepresent the nature, characteristics, or qualities of Obesity Research's goods or other commercial activities or from engaging in any other false advertising with regard to Obesity Research's products.

B.   Judgment for the damages suffered by Fiber Research as a result of Obesity Research's false advertising, unfair competition, and deceptive acts or practices, in an amount to be determined at trial.

C.   Judgment directing an accounting of Obesity Research's revenues and profits by reason of its false advertising, unfair competition, and deceptive acts or practices.

D.   Judgment trebling Fiber Research's recovery pursuant to 15 U.S.C. § 1117, as a result of Obesity Research's willful and intentional violations.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
ANSWER & COUNTERCLAIMS

E.    Judgment awarding Fiber Research's reasonable attorneys' fees in this action, pursuant to 15 U.S.C. § 1117, and otherwise as appropriate.

F.    Judgment awarding Obesity Research's profits to Fiber Research, and awarding damages sustained by Fiber Research and the costs of this action.

G.    Judgment for punitive damages as a result of Obesity Research's outrageous conduct and willful and intentional violations.

H.    Pre- and post- judgment interest.

I.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

67.   Fiber Research hereby demands a trial by jury on all issues so triable.

Dated: April 13, 2015        /s/ Jack Fitzgerald

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN
*trevor@jackfitzgeraldlaw.com*
TRAN NGUYEN
*tran@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Counsel for Defendant and Counterclaim-Plaintiff Fiber Research International, LLC***

11

# Exhibit 1



Lipozene -Lipozene Review, What is Lipozene? Official Site

En Espanol   Phone Orders: (800) 998-4769

# Lipozene Clinical Studies

Numerous clinical studies confirm Lipozene's active ingredient, Glucomannan, is safe and effective for weight loss and body fat loss.

## EFFECT OF GLUCOMANNAN ON OBESE PATIENTS: A CLINICAL STUDY

David E. Walsh, Vazgen YAGHOUBIAN and Ali BEHFOROOZ

An eight-week double-blind trial was conducted to test purified glucomannan fiber as a food supplement in 20 obese subjects. Glucomannan fiber (from konjac root) or placebo was given in 1-g doses (two 500 mg capsules) with 8 oz water, one hour prior to each of three meals per day. Subjects were instructed not to change their eating or exercise patterns. Results showed a significant mean weight loss (5.5 lbs) using glucomannan over an eight-week period. Serum cholesterol and low-density lipoprotein cholesterol were significantly reduced (21.7 and 15.0 mg/dl respectively) in the glucomannan treated group. No adverse reactions to glucomannan were reported.

DOWNLOAD FULL STUDY

## GLUCOMANNAN AND OBESITY: A CRITICAL REVIEW

Joyce Keithley, DNSc, RN, FAAN, Barbara Swanson, DNSc, RN, ACRN

Glucomannan (GM) is a soluble, fermentable, and highly viscous dietary fiber derived from the root of the elephant yam or konjac plant, which is native to Asia. Preliminary evidence suggests that GM may promote weight loss. This review summarizes studies using GM for weight loss as well as studies investigating its mechanisms of action. At does of 2-4 g per day, GM was well-tolerated and resulted in significant weight loss in overweight and obese individuals. There is some evidence that GM exerts its beneficial effects by promoting satiety and fecal energy loss. Additionally, GM has been shown to improve lipid and lipoprotein parameters and glycemic status. Further investigation of safety, efficacy and mechanisms of actions is needed to determine whether GM can help to decrease the high prevalence of overweight and obesity in the United States. (Altern Ther Health Med. 2005;11(6):30-34.)

DOWNLOAD FULL STUDY

## EFFECT OF GLUCOMANNAN ON PLASMA LIPID AND GLUCOSE CONCENTRATIONS, BODY WEIGHT, AND BLOOD PRESSURE: SYSTEMATIC REVIEW AND META-ANALYSIS

Nilesh Sood, William L. Baker, and Craig I Coleman

More than 50 million Americans are thought to suffer from the metabolic syndrome, which is characterized by a group of metabolic risk factors occurring in a single individual, including but not limited to abdominal obesity, atherogenic dyslipidemia, elevated blood pressure, and insulin resistance or glucose intolerance (1). Patients with the metabolic syndrome are at increased risk of coronary heart disease, stroke, and peripheral vascular disease as well as type 2 diabetes mellitus. According to the American Heart Association, the primary goal for the management of patients with the metabolic syndrome is to reduce their risk of cardiovascular disease and type 2 diabetes through smoking cessation and by reducing LDL cholesterol, blood pressure, body mass index, and glucose to recommended levels (1). Glucomannan is a soluble fiber derived from Amorphophallus konjac and is available in numerous over-the-counter products such as Lipozene. Like other soluble fiber (oats, guar gum, pectin, and psyllium), glucomannan has been touted for its potential beneficial effects on the risk of coronary heart disease (2). Glucomannan is thought to prolong gastric emptying time, which increases satiety, reduces body weight, decreases the ingestion of foods that

Lipozene -Lipozene Review, What is Lipozene? Official Site

increase cholesterol and glucose concentrations, reduces the postprandial rise in plasma glucose, suppresses hepatic cholesterol synthesis, and increases the fecal elimination of cholesterol

containing bile acids (2). Several clinical trials (3–19) have investigated the impact of glucomannan on total cholesterol, LDL cholesterol, HDL cholesterol, triglycerides, body weight, fasting blood glucose (FBG), systolic blood pressure (SBP), or diastolic blood pressure (DBP), but have yielded conflicting results and had only modest sample sizes. Although previous meta-analyses assessing the effects of soluble fibers on these same endpoints have been published, none have evaluated glucomannan. Therefore, we conducted a meta-analysis of randomized controlled trials of glucomannan to better characterize its impact on various characteristics of the metabolic syndrome.

DOWNLOAD FULL STUDY 🖫

## The safe and effective way to shed pounds...

- No strict diets, easy to use
- Reduce hunger, feel full faster
- Natural ingredients are safe and effective
- **Countless of success stories!**



**OVER 25 Million SOLD!!**





**BUY 1 GET ONE FREE!**
plus a FREE GIFT of
MetaboUP Plus & FREE S&H



## About Us

### Lipozene®

OFFER DETAILS: Manufacturer's Special Offer - Buy one bottle of Lipozene for only $29.95 and get a 2nd bottle FREE! There is no shipping or handling charge for your purchase, just a $1.35 processing fee. All purchases are backed by our 30 Day NO QUESTIONS ASKED MONEY-BACK GUARANTEE. If you are not satisfied for ANY reason, simply return your purchase within 30 days of the ship date and we will issue you a FULL REFUND! (Minus the $1.35 processing fee)

*America's #1 Diet Pill claim is based on IRI Sales Data published on January 25, 2015 and based solely on single SKU data.

**Clinical data shows that the difference in the amount of weight loss experienced between the active and placebo group was 4.93 LBS

***Results not typical average weight loss experienced between the active and placebo group was 4.93 LBS. Testimonials were remunerated for their time and their results were achieved in combination with diet and exercise.

**** Recommended to be taken with 32 oz. glass of water.

† These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

Copyright © 2012 Obesity Research Institute LLC.

## Navigation

Home
How It Works
Reviews
FAQs
Contact Us
Ingredients
Guarantee & Return Policy

Privacy Policy
Terms & Conditions
Dosage Instructions
Pay By Check
Clinical Studies
ORI Settlement

EXHIBIT "E"



**PPK | PRICE PARKINSON & KERR, PLLC**

## ATTORNEYS AT LAW

March 10, 2015

Joshua Weiss, Esq.
General Counsel
Continuity Products, LLC
Obesity Research Institute
2710 Gateway Rd
Carlsbad, CA 92009-1730
jweiss@continuityproducts.com

Mr. Weiss:

      This law firm represents Fiber Research International, LLC, which has the right to sell Shimizu Chemical Corporation's ("Shimizu") glucomannan products in the United States. This letter puts Obesity Research on notice that unless the parties can amicably and speedily resolve the dispute outlined herein, Fiber Research intends to bring suit against the Obesity Research, its principals, affiliates and subsidiaries alleging claims for unfair competition arising out of false and misleading product descriptions and advertisements in violation of 15 U.S.C.A. §1125 and 21 U.S.C. §§321(f), 331.

      Through various analytical methods, Fiber Research has confirmed that Obesity Research's Lipozene® is not an equivalent glucomannan and contains significant adulterations. These adulterations include glucuronic acid and galactose, which are chemical markers of xanthan gum. Xanthan gum, as you are aware, often is used by Chinese manufacturers to spike cheap "glucomannan" labeled products. In addition there may be other adulterants. In any event, Lipozene® is not an equivalent glucomannan product. It has come to our attention that scammers are selling glucomannan from china claiming it is the same quality as Shimizu.

      Because Lipozene® is not an equivalent glucomannan product, it has less viscosity compared to clinically tested refined glucomannan products, like Shimizu's Propol® products. For example, while Propol A® has a high viscosity, (approximately 80,000 mPa.S, which is maintained for well over 72 hours), the viscosity of Lipozene® spikes at less than 5,000 mPa.S and maintains its viscosity for less than 24 hours. Lipozene's® lower viscosity means that it

remains in the gut for less time and does not have the same satiety effects as Propol A®. Because Lipozene® is supposed to work by making the user feel fuller longer, the weight loss effect of Lipozene® is significantly less than Propol A®. In addition this limits glucomannans fat binding effect and stability through the digestive track at different Ph levels.

Yet, although it is selling an adulterated product that has a significantly different viscosity profile, is chemically different, and does not have the same effect on weight loss, Obesity Research falsely and fraudulently markets and promotes Lipozene® using three clinical studies on pure, unadulterated glucomannan. On the website lipozene.com/clinical-studies, Obesity Research falsely claims that three studies on pure glucomannan are "Lipozene Clinical Studies." To claim that the studies are "Lipozene" studies is false, fraudulent and misleading because Lipozene® is adulterated, the ingredients in Lipozene® are significantly different than the ingredients studied, and our analysis shows that Lipozene® would not have the same effect as the products studied on satiety or weight loss. Obesity Research's reliance on the glucomannan studies is not scientifically valid.

Shimizu's and Fiber Research's damages are significant. Shimizu invested millions of dollars researching, formulating, developing and clinically studying its glucomannan products. While Shimizu's products are more expensive, they actually have science backing them up. Obesity Research is cutting corners. It's selling a cheap, adulterated product and then stealing our client's research on the more expensive, pure product. Obesity Research's unfair competition has commercially damaged Shimizu's and Fiber Research's sales of their superior and scientifically validated product. Our client is gravely concerned that all of its research and investment is being stolen, misused and abused by Obesity Research.

The fact that Lipozene® is being manufactured, labeled, advertised, promoted, distributed and sold in a false and misleading manner and that Obesity Research does not have competent and reliable scientific evidence supporting its claims should be alarming and disturbing to Obesity Research as, among other consequences, it would clearly violate the Federal Trade Commission's regulations.

Such a violation of regulation, together with the surrounding facts, circumstances and our client's commercial injury gives rise to a suit for a claim under the Lanham Act, 15 U.S.C.A. §1125, *et al.*, among other claims. *See POM Wonderful v. Coca-Cola*, 189 L. Ed. 2d 141 (2014). *Pom Winderful* stated:

> "The Lanham Act creates a cause of action for unfair competition through misleading advertising or labeling. Though in the end consumers also benefit from the Act's proper enforcement, the cause of action is for competitors, not consumers.... The cause of action the Act creates imposes civil liability on any

person who 'uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.'"

Our client only recently discovered that Lipozene® is adulterated with impurities, is highly unstable and does not contain the same formulation as the studies on which Obesity Research relies through what has become an exacting and expensive investigation. Our client is willing to share the results of its investigation if Obesity Research will sign a non-disclosure agreement.

Our client wishes to resolve this matter confidentially and cooperatively. However our client is adamant that this matter is resolved quickly. As such, we demand that Obesity Research and/or one of its attorneys contact us within seven (7) days of the date of this letter.

Regards,

PRICE PARKINSON & KERR, PLLC

Jason M. Kerr, Partner
Christopher B. Sullivan, Partner

*Attorneys for Obesity Research*

3

EXHIBIT "F"

1   ROBERT S. LARSEN, ESQ.
    Nevada Bar No. 7785
2   DAVID T. GLUTH, ESQ.
    Nevada Bar No. 10596
3   GORDON & REES LLP
    3770 Howard Hughes Parkway Suite 100
4   Las Vegas, Nevada  89169
    Telephone:  (702) 577-9300
5   Facsimile:  (702) 255-2858
    Email:  rlarsen@gordonrees.com
6          dgluth@gordonrees.com

7   *Attorneys for Obesity Research*
    *Institute, LLC*

8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11

12  OBESITY RESEARCH INSTITUTE, LLC, a  )   CASE NO.
    California limited liability company,       )
13                                              )   **DECLARATION OF DAVID T. GLUTH,**
                         Plaintiff.             )   **ESQ. IN SUPPORT OF**
14            vs.                               )   **APPLICATION FOR ISSUANCE OF AN**
                                                )   **ORDER TO SHOW CAUSE WHY RIEU**
15  FIBER RESEARCH INTERNATIONAL,               )   **SHIMIZU SHOULD NOT BE HELD IN**
    LLC, a Nevada limited liability company, and )   **CONTEMPT AND SANCTIONED**
16  DOES 1-10, inclusive,                       )
                                                )   [Underlying Case:
17                       Defendants,            )   USDC District of California
                                                )   Case No.: 15-cv-595-BAS-MDD]
18  _____   )
                                                )
19  FIBER RESEARCH INTERNATIONAL,               )
    LLC,                                        )
20                                              )
                         Counterclaimant,       )
21            vs.                               )
                                                )
22  OBESITY RESEARCH INSTITUTE, LLC,            )
                                                )
23                       Counter-defendant.     )
                                                )
24  _____   )

25              **DECLARATION OF DAVID T. GLUTH, ESQ.**

26       I, David T. Gluth, hereby declare as follows:

27       1.      I am an attorney at Gordon & Rees LLP.  Gordon & Rees, LLP are the attorneys

28  of record for Plaintiff and Counter-defendant Obesity Research Institute, LLC ("ORI") in a case

-1-

1  pending in the U.S. District Court, Southern District of California, *Obesity Research Institute,*

2  *LLC. v. Fiber Research International, LLC*, Case No. 3:15-cv-00595, (the "underlying

3  litigation") which involves alleged violations of the Lanham Act 15 U.S.C. § 1125 et seq. and

4  related causes of action.

5       2.     I am over the age of 18 years old and competent to testify as to the following facts

6  based upon my own personal knowledge or, where indicated, upon information and belief.

7       3.     I make this Declaration in support of the Application for Issuance of an Order to

8  Show Cause Why Rieu Shimizu Should Not Be Held In Contempt and Sanctioned.

9       4.     On April 13, 2015, FRI filed counterclaims in the underlying litigation alleging,

10  Fiber Research International, LLC ("FRI"), is a limited liability company organized in the State

11  of Nevada. A true and correct copy of FRI's Answer & Counterclaims For Violation of the

12  Lanham Act, California Unfair Competition Law, and California False Advertising Law is

13  included herein as **Exhibit "D."**

14       5.     About a month prior to filing claims against ORI, on March 10, 2015, Fiber

15  Research International, LLC's ("FRI") counsel sent a demand letter to Obesity Research

16  Institute, LLC threatening to sue under 115 U.S.C. § 1125.  A true and correct copy of the

17  correspondence is included herein as **Exhibit "E."**

18       6.     On January 5, 2016, I accessed the Nevada Secretary of State's internet database. I

19  accessed       the      Nevada      Business      Search      page      located      at

20  http://nvsos.gov/sosentitysearch/CorpSearch.aspx.   I entered a search for Fiber Research

21  International, LLC.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

7.     The Business Entity Information on the Nevada Secretary of State's website search page shows the filing date of the FRI business entity as December 22, 2014. A true and correct copy of the internet printout of the database is included herein as **Exhibit "G."**

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing is true and correct.  This declaration was executed on

DATED:  January 11ᵗʰ, 2016.

DAVID T. GLUTH, ESQ.

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1110283/26219255v.1

-3-

EXHIBIT "G"

# FIBER RESEARCH INTERNATIONAL, LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 12/22/2014 |
| Type: | Domestic Limited-Liability Company | Entity Number: | E0639212014-6 |
| Qualifying State: | NV | List of Officers Due: | 12/31/2016 |
| Managed By: | Managers | Expiration Date: | |
| NV Business ID: | NV20141778288 | Business License Exp: | 12/31/2016 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | NATIONAL REGISTERED AGENTS, INC. OF NV | Address 1: | 701 S CARSON ST STE 200 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

No stock records found for this company          .

## ð   Officers                                      ☐ Include Inactive Officers

**Manager - GRADS INNOVATIONS, LLC**

| | | | |
|---|---|---|---|
| Address 1: | 1621 CENTRAL AVENUE | Address 2: | |
| City: | CHEYENNE | State: | WY |
| Zip Code: | 82001 | Country: | USA |
| Status: | Active | Email: | |

## ð   Actions\Amendments

| Action Type: | Articles of Organization | | |
|---|---|---|---|
| Document Number: | 20140820210-30 | # of Pages: | 1 |
| File Date: | 12/22/2014 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Initial List | | |
|---|---|---|---|
| Document Number: | 20150022281-83 | # of Pages: | 1 |
| File Date: | 1/19/2015 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Amended List | | |
|---|---|---|---|
| Document Number: | 20150022356-86 | # of Pages: | 1 |
| File Date: | 1/19/2015 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20150477848-66 | # of Pages: | 1 |
| File Date: | 10/29/2015 | Effective Date: | |
| (No notes for this action) | | | |

EXHIBIT "H"

JUN 2 5 2015

1  **THE LAW OFFICE OF JACK**
2  **FITZGERALD, PC**
   JACK FITZGERALD (257370)
3  *jack@jackfitzgeraldlaw.com*
   TREVOR M. FLYNN (253362)
4  *trevor@jackfitzgeraldlaw.com*
5  MELANIE PERSINGER (275423)
   *melanie@jackfitzgeraldlaw.com*
6  TRAN NGUYEN (301593)
7  *tran@jackfitzgeraldlaw.com*
   Hillcrest Professional Building
8  3636 Fourth Avenue, Suite 202
9  San Diego, California 92103
   Phone: (619) 692-3840
10 Fax: (619) 362-9555

11 **PRICE PARKINSON & KERR LLP**
12 JASON KERR (*pro hac vice*)
   *jasonkerr@ppktrial.com*
13 CHRISTOPHER SULLIVAN (*pro hac vice*)
14 *sullivan@ppktrial.com*
   5742 West Harold Gatty Drive
15 Salt Lake City, Utah 84116
16 Phone: (801) 530-2900

17 *Counsel for Defendant and Counterclaim-*
   *Plaintiff Fiber Research International, LLC*
18

19              **UNITED STATES DISTRICT COURT**
                **SOUTHERN DISTRICT OF CALIFORNIA**
20

21 OBESITY RESEARCH INSTITUTE, LLC,

22      Plaintiff & Counterclaim-
        Defendant,                          Case No. 15-cv-595-BAS-MDD
23
24            v.                            **FIBER RESEARCH'S RULE 26(a)(1)**
                                            **INITIAL DISCLOSURES**
25 FIBER RESEARCH INTERNATIONAL,
26 LLC,

27      Defendant & Counterclaim-
        Plaintiff.
28

Pursuant to Fed. R. Civ. P. 26(a)(1), Fiber Research International, LLC hereby submits the following initial disclosures:

**1.     WITNESSES**

The name, address, and telephone number of each individual likely to have discoverable information that may support its claims, and the information they possess (unless they will be used solely for impeachment):

| Name of Individual Likely to have Discoverable Information | Contact Information (Address and Telephone Number) | Subject Matter of Discoverable Information |
|---|---|---|
| John Alkire | c/o The Law Office of Jack Fitzgerald, PC, 3636 Fourth Avenue, Suite 202, San Diego, California 92104; Telephone: (619) 692-3840 (by counsel) | Obesity Research International, LLC's product, Lipozene® and Fiber Research Institute, LLC's product, Propol®: conception, formulation, design, manufacture, testing, packaging, advertising, marketing, promotion, distribution, offer for sale, sale, sales figures, consumer research, competitive considerations; Propol® and its formulation, efficacy, and substantiation; the proprietary nature of Propol® in the United States, and how a Japanese firm, Shimizu, has assigned to Fiber Research all rights regarding Propol; and all elements of each cause of action in the complaint and the counterclaims. |
| Ryusuke Shimizu | Same as above | Same as above |

In addition, Fiber Research may support its defenses and counterclaims with discoverable information from the following persons:

1

a.  Obesity Research's officers, employees, agents, or representatives who have information relevant to its allegations, and Fiber Research's denials, defenses, and counterclaims;

b.  All witnesses identified by Obesity Research in its initial disclosures;

c.  All witnesses identified in the parties' Joint Discovery Plan;

d.  All witnesses who may become known during the course of discovery; and

e.  Third parties who may have relevant information.

2.  **DOCUMENTS AND THINGS**

Copies, or descriptions by category and location, of all documents or things Fiber Research has in its possession, custody or control that it may use to support its defenses and counterclaims (unless they will be used solely for impeachment):

| Category of Documents, Electronically Stored Information, or Tangible Things | Location of Documents, Electronically Stored Information, or Tangible Things |
|---|---|
| Propol® testing results and efficacy studies | Fiber Research |
| Lipozene® testing results | Fiber Research |
| Shimizu's assignation of claims to Fiber Research | Fiber Research |
| Fiber Research's Broker Representation Agreement with Shimizu | Fiber Research |

In addition, the following documents may be used to support Fiber Research's defenses and counterclaims:

a.  All documents referenced in the Complaint and Amended Counterclaims;

b.  Labels and packaging of the Lipozene product named in the Complaint;

c.  All documents produced by Obesity Research or any other parties or non-parties pursuant to discovery requests served upon them by Fiber Research or any other party or non-party;

d.  Any and all documents reviewed by any expert in this action;

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
**FIBER RESEARCH'S RULE 26(a)(1) INITIAL DISCLOSURES**

e.   Any report provided by any expert in this action;

f.   Any and all documents relied upon or utilized by Obesity Research for this action;

g.   Any and all rebuttal or impeachment documents as may be deemed necessary; and

h.   Any and all documents that may become known during the course of discovery.

## 3.   DAMAGES COMPUTATION

Without waiver of calculations of additional categories of damages, Fiber Research has suffered damages in the form and amount of Obesity Research's gross profits from any and all products Obesity Research sold containing non-Propol® alleged glucomannan, trebled pursuant to 15 U.S.C. § 1117.

## 4.   LIABILITY INSURANCE.

Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Dated: June 22, 2015

/s Jack Fitzgerald
Jack Fitzgerald
**THE LAW OFFICE OF JACK**
**FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*
TRAN NGUYEN
*tran@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

3

Phone: (619) 692-3840
Fax: (619) 362-9555

**PRICE PARKINSON & KERR LLP**
JASON KERR (*pro hac vice*)
*jasonkerr@ppktrial.com*
CHRISTOPHER SULLIVAN (*pro hac vice*)
*sullivan@ppktrial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

*Counsel for Defendant and Counterclaim-Plaintiff Fiber Research International, LLC*

## Certificate of Service

I certify that on June 22, 2015, I served the foregoing Fiber Research's Rule 26(a)(1) Initial Disclosures on plaintiff and counterclaim-defendant Obesity Research Institute, LLC, by sending a copy to Obesity Research's counsel of record by regular mail and electronic mail as follows:

Scott J. Ferrell (sferrell@trialnewport.com)
David W. Reid (dreid@trialnewport.com)
Richard H. Hikida (rhikida@trialnewport.com)
James B. Hardin (jhardin@trialnewport.com)
NEWPORT TRIAL GROUP
4100 Newport Place, Ste. 800
Newport Beach, California 92660

Dated: June 22, 2015                    /s/ Jack Fitzgerald

4

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
FIBER RESEARCH'S RULE 26(a)(1) INITIAL DISCLOSURES

EXHIBIT "I"

1              United States District Court

2          for the Southern District of California

3

4   OBESITY RESEARCH INSTITUTE, LLC,  )
                                      )   No. 15-CV-595-BAS
5        Plaintiff,                   )
                                      )   October 27, 2015
6            v.                       )
                                      )
7   FIBER RESEARCH INTERNATIONAL,     )   San Diego, California
    LLC,                              )
8                                     )
         Defendant.                   )
9

10

11                  Transcript of Motion Hearing
            BEFORE THE HONORABLE MITCHELL D. DEMBIN
12                United States Magistrate Judge

    APPEARANCES:
13

14  For the Plaintiff:        GORDON & REES, LLP
                                SEAN FLAHERTY
                                AMANDA ABELN
15                              101 West Broadway, Suite 2000
                                San Diego, CA  92101
16
    For the Defendant:        THE LAW OFFICE OF JACK FITZGERALD, PC
17                              JACK FITZGERALD
                                MELANIE PERSINGER
18                              3636 Fourth Avenue, Suite 202
                                San Diego, CA  92103
19

20
    Transcriber:             Dana Peabody, RDR, CRR
21                            District Court Clerk's Office
                              333 West Broadway, Suite 420
22                            San Diego, California, 92101

23

24
    Proceedings Recorded; Transcript Produced with Computer-Aided
25  Transcription Software by a Court Reporter

1   diligence during this time, and the likelihood -- I will tell

2   you that I will not extend the date again if it's based upon

3   the pendency of discovery disputes.  I'm going to hold that

4   against both of you.  If something extraordinary comes up, and

5   sometimes they do, that's a different question.  And I have

6   been known to extend discovery deadlines for limited purposes.

7   If, for example, I think we discussed early on -- you weren't

8   there -- whether a deposition in Japan was necessary, the time

9   I think it was clear that Shimizu would not rely upon the

10  international boundary requiring you to go there, embassy time

11  and all that stuff, that can really be a matter of delay, but

12  if something like that happens, I can deal with it.

13          So with that, you know, in mind, what is a rational

14  time period that we can get these things done barring

15  unforeseen complications?

16          MR. FITZGERALD:  Your Honor, if I may be heard

17  briefly, just on what I mentioned, the primary reason being the

18  substitution of counsel, I just do want to give a little

19  background context.

20          Even before new counsel substituted in, they were

21  involved in the meet and confer call that we had on

22  September 18th, so it was both -- all counsel, new counsel and

23  us, on the phone.

24          THE COURT:  And I get that, and that seemed pretty

25  clear to me.  The notice or I guess the motion was

1    September 18.  It was granted on the 22nd or something like

2    that.  I always expect there to be a little transition, but it

3    doesn't change it dramatically.

4              MR. FITZGERALD:  And discovery being pursued up to

5    that time.  That was shortly before the expert disclosures were

6    due, and we got our expert disclosure in, and at the time they

7    made their expert disclosure.  I don't think that date should

8    be moved retroactively.  The disclosures and the -- in terms of

9    extending the date, we want the shortest possible.  We feel

10   like we're pretty ready to move forward.

11             I do want to clarify at the ENE we don't have control

12   over Shimizu or even though we're licensees, we can't force it

13   to do anything.  What we said is we will make our best efforts

14   to see if we can facilitate Shimizu's cooperation, but at the

15   end of the day, we can't force it.

16             THE COURT:  I do remember that, but I also remember

17   the next thing which we don't anticipate it being a problem.

18             MR. FITZGERALD:  Okay.

19             THE COURT:  And --

20             MR. FITZGERALD:  And that's --

21             THE COURT:  I don't hold you to that.

22             MR. FITZGERALD:  And I still -- that's still our

23   position.

24             The second thing is that the Hague Convention via

25   Japan is really easy.  They've been elected to do the exception

EXHIBIT "J"

1   ROBERT S. LARSEN, ESQ.
    Nevada Bar No. 7785
2   DAVID T. GLUTH, ESQ.
    Nevada Bar No. 10596
3   GORDON & REES LLP
    3770 Howard Hughes Parkway Suite 100
4   Las Vegas, Nevada  89169
    Telephone:  (702) 577-9300
5   Facsimile:  (702) 255-2858
    Email:  rlarsen@gordonrees.com
6           dgluth@gordonrees.com

7   *Attorneys for Obesity Research
    Institute, LLC*

8

9                   UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11

12  OBESITY RESEARCH INSTITUTE, LLC, a )   CASE NO.
    California limited liability company,   )
13                                          )   **DECLARATION OF HENNY DEN UIJL**
                        Plaintiff.          )   **IN SUPPORT OFAPPLICATION FOR**
14                                          )   **ISSUANCE OF AN ORDER TO SHOW**
            vs.                             )   **CAUSE WHY RIEU SHIMIZU SHOULD**
15                                          )   **NOT BE HELD IN CONTEMPT AND**
    FIBER RESEARCH INTERNATIONAL,           )   **SANCTIONED**
16  LLC, a Nevada limited liability company, and )
    DOES 1-10, inclusive,                   )   [Underlying Case:
17                                          )   USDC District of California
                        Defendants,         )   Case No.: 15-cv-595-BAS-MDD]
18                                          )
    _____ )
19  FIBER RESEARCH INTERNATIONAL,           )
    LLC,                                    )
20                                          )
                        Counterclaimant,    )
21                                          )
            vs.                             )
22                                          )
    OBESITY RESEARCH INSTITUTE, LLC,        )
23                                          )
                        Counter-defendant.  )
24  _____ )

25  ///

26  ///

27  ///

28  ///

                                -1-

**DECLARATION OF HENNY DEN UIJL**

I, Henny Den Uijl, hereby declare as follows:

1.      I am the Manager of Obesity Research Institute, LLC ("ORI") the Plaintiff and Counter-defendant in a case pending in the U.S. District Court, Southern District of California, *Obesity Research Institute, LLC. v. Fiber Research International, LLC*, Case No. 3:15-cv-00595.

2.      I am over the age of 18 years old and competent to testify as to the following facts based upon my own personal knowledge or, where indicated upon information and belief.

3.      I make this Declaration in support of the Application for Issuance of an Order to Show Cause Why Rieu Shimizu Should Not Be Held In Contempt and Sanctioned.

4.      ORI sells, among other things, a dietary supplement product called Lipozene®.

5.      Shimizu Chemical Corporation, a Japanese company, was a former supplier of an ingredient used to make ORI's dietary supplements.

6.      During our business relationship, I interacted with and personally knew the members of Shimizu Chemical Corporation, including Rieu Shimizu.

7.      I also knew from my business relationship with Shimizu Chemical Corporation, that it regularly transacts business throughout the United States, including Nevada.  For example, I knew that the members of Shimizu Chemical Corporation would be in Las Vegas, Nevada on or about October 7, 2015 for a trade convention called Supply Side West.

8.      On October 7, 2015, I attended the Supply Side West convention, where Rieu Shimizu was present.

9.      I met investigator James Nobrega from Nationwide Legal, LLC and identified Mr. Shimizu for him.  I witnessed investigator Nobrega personally hand Mr. Shimizu the subpoena. I observed Mr. Shimizu grow angry and throw the documents on the ground.

///

///

///

///

///

-2-

10.     Photographs were taken of the personal service of Mr. Shimizu.   A true and correct copy of these photos illustrating service is included herein as **Exhibit "K."**

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing is true and correct.  This declaration was executed on

DATED: January _9_, 2016.

Henny Den Uijl

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

1110283/26104850v.1

-3-

# EXHIBIT "K"

























EXHIBIT "L"

1  RICHARD P. SYBERT  (SBN: 080731)
    rsybert@gordonrees.com
2  SEAN D. FLAHERTY  (SBN: 272598)
    sflaherty@gordonrees.com
3  AMANDA R. ABELN  (SBN: 290309)
    abeln@gordonrees.com
4  GORDON & REES LLP
    101 W. Broadway, Suite 2000
5  San Diego, CA 92101
    Telephone: (619) 696-6700
6  Facsimile: (619) 696-7124

7  Attorneys for Plaintiff
    OBESITY RESEARCH INSTITUTE, LLC

8

9            UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11  OBESITY RESEARCH INSTITUTE,          ) **CASE NO.  3:15-cv-00595-BAS-MDD**
     LLC, a California limited liability  )
12  company,                             ) **CERTIFICATE OF SERVICE**
                                          )
13               Plaintiff.              )
                                          )
14       vs.                             ) Courtroom:  4B
                                          ) Judge:      Hon. Cynthia Bashant
15  FIBER RESEARCH INTERNATIONAL,        )
     LLC, a Nevada limited liability company, )
16  and DOES 1-10, inclusive,            )
                                          )
17               Defendants,             )
                                          )
18  ─────────────────────────────────    )
                                          )
19  FIBER RESEARCH INTERNATIONAL,        )
     LLC,                                 )
20                                        )
                 Counterclaimant,        )
21                                        )
         vs.                              )
22                                        )
    OBESITY RESEARCH INSTITUTE,          )
23   LLC,                                 )
                                          )
24               Counter-defendant.      )

25

26       I am a resident of the State of California, over the age of eighteen years, and

27  am not a party to this action.  My business address is: Gordon & Rees, LLP 101 W.

28

                                    -1-
─────────────────────────────────────────────────────────

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Broadway, Suite 2000, San Diego, CA 92101. On October 7, 2015, I served the foregoing document(s) entitled:

1. **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION TO MR. SHIMIZU**
2. **ATTACHMENT 1 TO DEPOSITION SUBPOENA OF MR. SHIMIZU**

✓ **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date before 5:00pm pursuant to FRCP 5(b)(2)(E).

<u>**Counsel for Defendant: Fiber Research International, LLC**</u>

Jack Fitzgerald
Trevor M. Flynn
Tom Canova
Tran Nguyen
THE LAW OFFICE OF JACK FITZGERALD, PC
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555
Email: jack@jackfitzgeraldlaw.com
trevor@jackfitzgeraldlaw.com
tom@jackfitzgeraldlaw.com
tran@jackfitzgeraldlaw.com

Jason Kerr
Chris Sullivan
PRICE PARKINSON & KERR LLP
5742 Harold Gatty Dr.
Salt Lake City, UT 84116
Phone: (801) 530-2900
Fax: (801) 517-7192
jasonkerr@ppktrial.com;
sullivan@ppktrial.com

declare under penalty of perjury under the laws of the United State of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on October 7, 2015

Sean  Flaherty

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-2-

CERTIFICATE OF SERVICE                          CASE NO. 3:15-cv-00595-BAS-MDD

EXHIBIT "M"

**David Gluth**

| | |
|---|---|
| **From:** | Jack Fitzgerald <jack@jackfitzgeraldlaw.com> |
| **Sent:** | Tuesday, November 03, 2015 2:21 PM |
| **To:** | Sean Flaherty |
| **Cc:** | Richard Sybert; Amanda Abeln; Jason Kerr PPK; 'ChrisSullivan PPK' |
| **Subject:** | RE: ORI v. FRI- Confirmation of Deposition Dates |

Counsel,

I'm sorry, but Dr. Wolever is unavailable on December 21 or 22. He remains available on December 18. In addition, while Mr. Alkire is unavailable on December 1, he is available on December 16 to give testimony on behalf of FRI under Rule 30(b)(6). Both are amenable to giving their depositions in San Diego. Accordingly, please let us know if ORI will take Mr. Alkire's deposition on Wednesday, December 16 in San Diego, and Dr. Wolever's deposition on Friday, December 18 in San Diego.

With respect to Shimizu, we are working on it but without a commitment yet, it looks like the deposition will not proceed on November 9. Assuming we can get Shimizu's commitment to sit for a deposition in the U.S., we will provide you proposed dates as soon as we have them.

Regards,
Jack

_____

Jack Fitzgerald

The Law Office of Jack Fitzgerald, PC
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

-----Original Message-----
From: Sean Flaherty [mailto:sflaherty@gordonrees.com]
Sent: Tuesday, November 03, 2015 12:33 AM
To: 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
Cc: Richard Sybert <RSybert@gordonrees.com>; Amanda Abeln <aabeln@gordonrees.com>
Subject: ORI v. FRI- Confirmation of Deposition Dates

Jack,

I believe Rich requested you inquire as to your expert's availability December 21 or 22 for deposition. Please advise as to the status of his availability.

Additionally, next Monday 11/9, the Shimizu deposition is set for our Las Vegas office. Please confirm that Mr. Shimizu will attend.

Finally, please confirm FRI's 30(b)(6) deposition, which has been noticed for Dec. 1.

Thank you,

Sean

_____

California * New York * Texas * Illinois * Nevada * Arizona * Colorado * Oregon * Washington New Jersey * Florida * Georgia * Connecticut * Missouri * Washington, DC * Pennsylvania * North Carolina

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

GORDON & REES LLP
http://www.gordonrees.com

EXHIBIT "N"

## David Gluth

**From:** Richard Sybert
**Sent:** Wednesday, November 04, 2015 1:30 PM
**To:** 'jack@jackfitzgeraldlaw.com'; Sean Flaherty
**Cc:** Amanda Abeln; 'Jason Kerr PPK'; 'ChrisSullivan PPK'
**Subject:** RE: ORI v. FRI- Confirmation of Deposition Dates

Dear Jack,

I am glad to discuss with you alternative arrangements for the Shimizu deposition, and if it makes you happy to call it "voluntary," fine.  But make no mistake that we consider the subpoena valid, and validly served, and that if Shimizu simply ignores the subpoena it does so at its own risk and we will certainly initiate appropriate proceedings.  So, Shimizu's choices are:

(1) apparently through you, negotiate an alternate date and venue with me now;
(2) show up for the duly noticed deposition November 9;
(3) move prior to the deposition for a protective order and/or to quash the subpoena;
(4) ignore the subpoena, not show up and run the risk of contempt.

Let me know, please, which one Shimizu chooses.

Thanks.

Rich Sybert

Richard P. Sybert | Partner
Gordon & Rees
Scully Mansukhani
P: 619-230-7768 | F: 619-595-5768 (San Diego)
P: 206-695-6652 | F: 206-689-2822 (Seattle)
email: rsybert@gordonrees.com
Alabama - Arizona - California - Colorado - Connecticut - Florida - Georgia Illinois - Maryland - Massachusetts - Missouri - Nevada - New Jersey - New York North Carolina - Oregon - Pennsylvania - South Carolina - South Dakota - Texas Virginia - Washington - Washington, D.C.
http://www.gordonrees.com


-----Original Message-----
From: Jack Fitzgerald [mailto:jack@jackfitzgeraldlaw.com]
Sent: Wednesday, November 04, 2015 9:28 AM
To: Richard Sybert; Sean Flaherty
Cc: Amanda Abeln; 'Jason Kerr PPK'; 'ChrisSullivan PPK'
Subject: RE: ORI v. FRI- Confirmation of Deposition Dates

Mr. Sybert,

Thank you, we will lock in those dates for Mr. Alkire and Dr. Wolever. Will you serve consistent deposition notices? (we will accept for Wolever).

Regarding Shimizu, notwithstanding your assertion below, I suspect your client knows the subpoena is not valid. Certainly you know that is our position. (Dkt. No. 63 at 9 n.1.) Accordingly, if the person on whom ORI attempted service is to appear for a deposition at all, it will be voluntary, at a mutually convenient date, at a location of his convenience and choosing, and at ORI's expense.

If your client disagrees with this, then it appears we are at an impasse such that we should suspend our efforts to assist in securing the witness's voluntary appearance pending your client's efforts to enforce the subpoena.

_____

Jack Fitzgerald

The Law Office of Jack Fitzgerald, PC
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

-----Original Message-----
From: Richard Sybert [mailto:RSybert@gordonrees.com]
Sent: Tuesday, November 03, 2015 5:45 PM
To: jack@jackfitzgeraldlaw.com; Sean Flaherty <sflaherty@gordonrees.com>
Cc: Amanda Abeln <aabeln@gordonrees.com>; Jason Kerr PPK <jasonkerr@ppktrial.com>; 'ChrisSullivan PPK' <Sullivan@ppktrial.com>
Subject: RE: ORI v. FRI- Confirmation of Deposition Dates

Dear Jack,

Yes we will accept those dates -- December 18 for Wolever and December 16 for the 30(b)(6).

Shimizu was properly served with a subpoena. We are willing to discuss a proposed alternative date, but in the meantime that subpoena is operative and we have every intention of proceeding. Shimizu has the option of moving for a protective order, or being subject to contempt in case of non-compliance.

Thanks.

Yours truly,
Richard Sybert


Richard P. Sybert | Partner
Gordon & Rees
Scully Mansukhani
P: 619-230-7768 | F: 619-595-5768 (San Diego)
P: 206-695-6652 | F: 206-689-2822 (Seattle)
email: rsybert@gordonrees.com

Alabama - Arizona - California - Colorado - Connecticut - Florida - Georgia Illinois - Maryland - Massachusetts - Missouri - Nevada - New Jersey - New York North Carolina - Oregon - Pennsylvania - South Carolina - South Dakota - Texas Virginia - Washington - Washington, D.C.
http://www.gordonrees.com


-----Original Message-----
From: Jack Fitzgerald [mailto:jack@jackfitzgeraldlaw.com]
Sent: Tuesday, November 03, 2015 2:21 PM
To: Sean Flaherty
Cc: Richard Sybert; Amanda Abeln; Jason Kerr PPK; 'ChrisSullivan PPK'
Subject: RE: ORI v. FRI- Confirmation of Deposition Dates

Counsel,

I'm sorry, but Dr. Wolever is unavailable on December 21 or 22. He remains available on December 18. In addition, while Mr. Alkire is unavailable on December 1, he is available on December 16 to give testimony on behalf of FRI under Rule 30(b)(6). Both are amenable to giving their depositions in San Diego. Accordingly, please let us know if ORI will take Mr. Alkire's deposition on Wednesday, December 16 in San Diego, and Dr. Wolever's deposition on Friday, December 18 in San Diego.

With respect to Shimizu, we are working on it but without a commitment yet, it looks like the deposition will not proceed on November 9. Assuming we can get Shimizu's commitment to sit for a deposition in the U.S., we will provide you proposed dates as soon as we have them.

Regards,
Jack


_____

Jack Fitzgerald

The Law Office of Jack Fitzgerald, PC
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

-----Original Message-----
From: Sean Flaherty [mailto:sflaherty@gordonrees.com]
Sent: Tuesday, November 03, 2015 12:33 AM
To: 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
Cc: Richard Sybert <RSybert@gordonrees.com>; Amanda Abeln <aabeln@gordonrees.com>
Subject: ORI v. FRI- Confirmation of Deposition Dates

Jack,

I believe Rich requested you inquire as to your expert's availability December 21 or 22 for deposition. Please advise as to the status of his availability.

Additionally, next Monday 11/9, the Shimizu deposition is set for our Las Vegas office. Please confirm that Mr. Shimizu will attend.

Finally, please confirm FRI's 30(b)(6) deposition, which has been noticed for Dec. 1.

Thank you,

Sean

_____

California * New York * Texas * Illinois * Nevada * Arizona * Colorado * Oregon * Washington New Jersey * Florida * Georgia * Connecticut * Missouri * Washington, DC * Pennsylvania * North Carolina

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

GORDON & REES LLP
http://www.gordonrees.com

EXHIBIT "O"

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

OBESITY RESEARCH INSTITUTE,  )
LLC,                         )
                             )
          Plaintiff,         )
                             )
     vs.                     )   CASE NO.
                             )
FIBER RESEARCH               )   3:15-cv-00595-BAS-
INTERNATIONAL, LLC,          )   MDD
                             )
          Defendant.         )
                             )


CERTIFICATE OF NONAPPEARANCE

SCHEDULED DEPOSITION OF MR. SHIMIZU


Date:            Monday, November 9, 2015
Scheduled Time:  10:00 a.m.
Place:           3770 Howard Hughes Parkway
                 Las Vegas, Nevada


REPORTED BY:  DANA J. TAVAGLIONE, RPR, CCR 841

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

1  APPEARANCES:
2
   For the Plaintiff:
3
         GORDON & REES, LLP
4        BY: DAVID T. GLUTH, ESQ.
         3770 Howard Hughes Parkway
5        Suite 100
         Las Vegas, Nevada 89169
6        702.577.9300
         dgluth@gordonrees.com
7
8
9
         E X H I B I T S
10
   PLAINTIFF'S                    PAGE
11
   1   Subpoena to Testify at a Deposition   4
12     in a Civil Action
13  2   Proof of Service          4
14  3   Certificate of Service    4
15
16
17
18
19
20
21
22
23
24
25
                                   Page 2

1         REPORTER'S CERTIFICATE
2
   STATE OF NEVADA  )
3              ss:
   COUNTY OF CLARK  )
4
5      I, Dana J. Tavaglione, CCR No. 841, a Certified
6   Court Reporter, licensed in the State of Nevada, do
7   hereby certify:
8         That on Monday, November 9, 2015, at the
9   hour of 10:00 a.m., I appeared at the Gordon & Rees,
10  Las Vegas, Nevada, for the purpose of reporting the
11  deposition of Mr. Shimizu (first name unknown);
12         That I remained in attendance until
13  10:17 a.m., at which time the deponent, nor counsel
14  had appeared;
15         That the following is a true, complete and
16  accurate transcription of the proceedings held at
17  that time:
18         MR. GLUTH:  Today is November 9th.  The
19  time is 10:14 a.m.  Today is the date and time set
20  for Mr. Shimizu's deposition in the matter of
21  Obesity Research Institute, LLC, vs. Fiber Research
22  International, LLC.
23         This is David Gluth, on behalf of
24  plaintiff, Obesity Research Institute.  The case
25  number is 3:15-cv-00595, pending in the
                                   Page 3

2 (Pages 2 to 3)

1    United States District Court, Southern District of
2    California.
3             Mr. Shimizu has not appeared today for his
4    deposition.  Opposing counsel nor anybody on behalf
5    of Fiber Research have appeared.  My understanding
6    is they are not going to appear.
7             Attached as Exhibit 1 to the deposition
8    is the Subpoena to testify directed to Mr. Shimizu,
9    along with the attachment for the production of
10   documents that was served on Mr. Shimizu for the
11   proceeding here today.
12            Attached as Exhibit 2 is the Proof of
13   Service of the Subpoena for deposition and the
14   attachments to produce documents today that was
15   served on Mr. Shimizu on October 7th, 2015, at 2:20.
16            Exhibit 3, attached to the transcript today
17   is the Certificate of Service of the Subpoena for
18   deposition of Mr. Shimizu and the attachment for
19   production of documents that were served
20   electronically to opposing counsel at
21   Jack Fitzgerald's office and Jason Kerr's office,
22   counsel for defendants in this matter.
23            (Whereupon Plaintiff's Exhibit Nos. 1
24   through 3 were marked for identification.)
25            MR. GLUTH:  No objections to the

```
 1    deposition, the properly noticed deposition, were

 2    ever served; no motions to quash this deposition

 3    proceeding were filed.  Simply no one appeared.

 4          We're taking a record of nonappearance.

 5    That's it.

 6

 7        (The proceedings concluded at 10:17 a.m.)

 8                       -oOo-

 9

10      IN WITNESS WHEREOF, I have hereunto set my hand

11    in my office in the County of Clark, State of

12    Nevada, this 20th day of November, 2015.

13

14

15    _____

              DANA J. TAVAGLIONE, RPR, CCR NO. 841

16

17

18

19

20

21

22

23

24

25
```

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

Certificate of Nonappearance                                    November 9, 2015

**A**

a.m
1:16 3:9,13,19
  5:7
accurate
3:16
Action
2:12
anybody
4:4
appear
4:6
APPEARANCES
2:1
appeared
3:9,14 4:3,5
  5:3
attached
4:7,12,16
attachment
4:9,18
attachments
4:14
attendance
3:12

**B**

B
2:9
behalf
3:23 4:4

**C**

California
1:2 4:2
case
1:6 3:24
CCR
1:25 3:5 5:15
Certificate
1:11 2:14 3:1
  4:17
Certified
3:5
certify
3:7
Civil
2:12
Clark
3:3 5:11
complete
3:15
concluded
5:7
counsel
3:13 4:4,20,22
County
3:3 5:11
Court
1:1 3:6 4:1

**D**

Dana
1:25 3:5 5:15
date

1:15 3:19
David
2:4 3:23
day
5:12
Defendant
1:9
defendants
4:22
deponent
3:13
deposition
1:12 2:11 3:11
  3:20 4:4,7,13
  4:18 5:1,1,2
dgluth@gordo...
2:6
directed
4:8
District
1:1,2 4:1,1
documents
4:10,14,19

**E**

E
2:9
electronically
4:20
ESQ
2:4
Exhibit
4:7,12,16,23

**F**

Fiber
1:7 3:21 4:5
filed
5:3
first
3:11
Fitzgerald's
4:21
following
3:15

**G**

Gluth
2:4 3:18,23
  4:25
going
4:6
Gordon
2:3 3:9

**H**

H
2:9
hand
5:10
held
3:16
hereunto
5:10
hour

3:9
Howard
1:17 2:4
Hughes
1:17 2:4

**I**

identification
4:24
Institute
1:4 3:21,24
International
1:8 3:22

**J**

J
1:25 3:5 5:15
Jack
4:21
Jason
4:21

**K**

Kerr's
4:21

**L**

Las
1:17 2:5 3:10
licensed
3:6
LLC
1:4,8 3:21,22
LLP
2:3

**M**

marked
4:24
matter
3:20 4:22
MDD
1:8
Monday
1:15 3:8
motions
5:2

**N**

name
3:11
Nevada
1:17 2:5 3:2,6
  3:10 5:12
nonappearance
1:11 5:4
Nos
4:23
noticed
5:1
November
1:15 3:8,18
  5:12
number
3:25

**O**

Obesity
1:4 3:21,24
objections
4:25
October
4:15
office
4:21,21 5:11
oOo-
5:8
opposing
4:4,20

**P**

PAGE
2:10
Parkway
1:17 2:4
pending
3:25
Place
1:17
plaintiff
1:5 2:2 3:24
Plaintiff's
2:10 4:23
proceeding
4:11 5:3
proceedings
3:16 5:7
produce
4:14
production
4:9,19
Proof
2:13 4:12
properly
5:1
purpose
3:10

**Q**

quash
5:2

**R**

record
5:4
Rees
2:3 3:9
remained
3:12
REPORTED
1:25
Reporter
3:6
REPORTER'S
3:1
reporting
3:10
Research
1:4,7 3:21,21
  3:24 4:5
RPR

**O**

Obesity... 

1:25 5:15

**S**

S
2:9
Scheduled
1:12,16
served
4:10,15,19 5:2
Service
2:13,14 4:13,17
set
3:19 5:10
Shimizu
1:12 3:11 4:3,8
  4:10,15,18
Shimizu's
3:20
Simply
5:3
Southern
1:2 4:1
ss
3:3
State
3:2,6 5:11
States
1:1 4:1
Subpoena
2:11 4:8,13,17
Suite
2:5

**T**

T
2:4,9
Tavaglione
1:25 3:5 5:15
testify
2:11 4:8
time
1:16 3:13,17,19
  3:19
today
3:18,19 4:3,11
  4:14,16
transcript
4:16
transcription
3:16
true
3:15

**U**

understanding
4:5
United
1:1 4:1
unknown
3:11

**V**

Vegas
1:17 2:5 3:10
vs

THORSNES LITIGATION SERVICES, LLC   |   877.771.3312   |   www.thorsnes.com

Certificate of Nonappearance                                    November 9, 2015

| 1:6 3:21 | | |
| --- | --- | --- |

**W**

We're
5:4
**WHEREOF**
5:10
**WITNESS**
5:10

**X**

**X**
2:9

**Y**

**Z**

**0**

**1**

**1**
2:11 4:7,23
**10:00**
1:16 3:9
**10:14**
3:19
**10:17**
3:13 5:7
**100**
2:5

**2**

**2**
2:13 4:12
**2:20**
4:15
**2015**
1:15 3:8 4:15
 5:12
**20th**
5:12

**3**

**3**
2:14 4:16,24
**3:15-cv-00595**
3:25
**3:15-cv-0059...**
1:7
**3770**
1:17 2:4

**4**

**4**
2:11,13,14

**5**

**6**

**7**

**702.577.9300**
2:6

**7th**
4:15

**8**

**841**
1:25 3:5 5:15
**89169**
2:5

**9**

**9**
1:15 3:8
**9th**
3:18

EXHIBIT "P"

SEAN D. FLAHERTY
SFLAHERTY@GORDONREES.COM
DIRECT DIAL: (619) 230-7473

**GORDON&REES**
**SCULLY MANSUKHANI**

ATTORNEYS AT LAW
101 W. BROADWAY
SUITE 2000
SAN DIEGO, CA 92101
PHONE: (619) 696-6700
FAX: (619) 696-7124
WWW.GORDONREES.COM

December 4, 2015

**VIA FEDERAL EXPRESS, EMAIL, AND FAX**

Rieu Shimizu
c/o Shimizu Chemical Corporation
4-5-1 Kihara Mihara-Shi
Hiroshima-ken,729-0321 Japan
Tel: (+81) 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
Fax: (+81) 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
Yoshi@shimizuchemical.co.jp
Mikiko@shimizuchemical.co.jp
Hideki@shimizuchemical.co.jp
Rieu@shimizuchemical.co.jp

Re: *ORI v. Fiber Research International, et al.*
USDC Southern District Court Case No: 3:15-CV-00595-BAS-MDD
Motion for Contempt as to Rieu Shimizu

Dear Mr. Shimizu,

Please be advised that this office represents Obesity Research Institute, LLC in the above-entitled action. As you will recall, on October 7, 2015, you were personally served with a subpoena for documents and testimony regarding a United States civil proceeding. The case is entitled *ORI v. Fiber Research Institute, et al.* with case no. 3:15-CV-00595-BAS-MDD, and is pending in the United States District Court for the Southern District of California. I have enclosed a copy of the subpoena, the process server's executed proof of service, and photos of you receiving personal service of the subpoena at the Mandalay Bay convention center in Las Vegas.

The subpoena required you to appear for a deposition and produce responsive documents at our offices in Las Vegas, Nevada, on November 9, 2015. Despite being properly served, you either failed or refused to appear. Further, you failed to object, file a motion to quash, or even attempt to contact our offices to request an alternate accommodation.

A subpoena is a court order. Failure to comply with a court order may give rise to the imposition of contempt, which can result in monetary fines, evidentiary sanctions, and even incarceration. I have been authorized to pursue each the foregoing penalties against you unless

ALABAMA ♦ ARIZONA ♦ CALIFORNIA ♦ COLORADO ♦ CONNECTICUT ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ MARYLAND ♦
MASSACHUSETTS ♦ MISSOURI ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ NORTH CAROLINA ♦ OREGON ♦
PENNSYLVANIA ♦ SOUTH CAROLINA ♦ SOUTH DAKOTA ♦ TEXAS ♦ VIRGINIA ♦ WASHINGTON ♦ WASHINGTON, DC

Rieu Shimizu
c/o Shimizu Chemical Corporation
Re: *ORI v. Fiber Research International, et al.*
December 4, 2015
Page 2

you agree to comply with the terms of the subpoena.  Accordingly, my client is willing to refrain from bringing a contempt action against you, provided you agree to produce responsive documents and personally appear for deposition in either Las Vegas, Nevada, or San Diego, California by or before December 21, 2015.

I sincerely hope that we can resolve this issue cooperatively and avoid litigation. However, if I do not hear from you by **December 11, 2015 at the latest**, I will assume that you have no interest in complying with the subpoena, and will advise my client to seek a contempt order against you.

Sincerely,

GORDON & REES LLP

Sean D. Flaherty

SDF/mg
Enclosures

cc:     Richard Sybert (via email – rsybert@gordonrees.com)
        Amanda Abeln (via email – abeln@gordonrees.com)
        Jack Fitzgerald (via email – jack@jackfitzgeraldlaw.com)
        Tran Nguyen (via email – tran@jackfitzgeraldlaw.com)
        Jason Kerr (via email – jasonkerr@ppktrial.com)
        Sullivan@ppktrial.com
        Melanie@jackfitzgerald.com

EXHIBIT "Q"

**Maria Gonzalez**

| | |
|---|---|
| **From:** | trackingupdates@fedex.com |
| **Sent:** | Sunday, December 06, 2015 8:11 PM |
| **To:** | Maria Gonzalez |
| **Subject:** | FedEx Shipment 781862340211 Delivered |

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | Gordon & Rees LLP |
| Name: | Maria Gonzalez |
| E-mail: | mgonzalez@gordonrees.com |
| | |
| Message: | PSShip eMail Notification |

Our records indicate that the following shipment has been delivered:

| | |
|---|---|
| Reference: | ORI.1110283-1987 |
| Ship (P/U) date: | Dec 4, 2015 |
| Delivery date: | Dec 7, 2015 1:05 pm |
| Sign for by: | N.IKENISHI |
| Delivery location: | HIROSHIMA-KEN, |
| Delivered to: | Receptionist/Front Desk |
| Delivery date: | Mon, 12/7/2015 1:05 pm |
| Service type: | FedEx International Priority |
| Packaging type: | FedEx Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | Deliver Weekday |

Tracking number:        781862340211

| Shipper Information | Recipient Information |
|---|---|
| MARIA GONZALEZ | RIEU SHIMIZU |
| GORDON REES LLP | SHIMIZU CHEMICAL CORPORATION |
| 101 W. BROADWAY | 4-5-1 KIHARA MIHARA-SHI |
| SUITE 1600 | HIROSHIMA-KEN |
| SAN DIEGO | JP |
| CA | 7290321 |
| US | |
| 92101 | |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 10:11 PM CST on 12/06/2015.

To learn more about FedEx Express, please visit our website at fedex.com.

1

All weights are estimated.

To track the status of this shipment online, please use the following:
https://www.fedex.com/insight/findit/nrp.jsp?tracknumbers=781862340211&language=en&opco=FX&clienttype=ivpoda lrt

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update.  For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

EXHIBIT "R"

**David Gluth**

| | |
|---|---|
| **From:** | Jack Fitzgerald <jack@jackfitzgeraldlaw.com> |
| **Sent:** | Friday, November 13, 2015 2:13 PM |
| **To:** | Richard Sybert; Sean Flaherty |
| **Cc:** | Amanda Abeln; 'Jason Kerr PPK'; 'ChrisSullivan PPK'; melanie@jackfitzgeraldlaw.com |
| **Subject:** | RE: ORI v. FRI- Confirmation of Deposition Dates |

Mr. Sybert -

Though it has taken some convincing, the person ORI attempted to subpoena in Las Vegas, Rieu Shimizu, has agreed to make himself available for deposition in Japan at a mutually-agreeable time and date.

Regards,
Jack

_____

Jack Fitzgerald

The Law Office of Jack Fitzgerald, PC
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

-----Original Message-----
From: Richard Sybert [mailto:RSybert@gordonrees.com]
Sent: Wednesday, November 04, 2015 1:30 PM
To: jack@jackfitzgeraldlaw.com; Sean Flaherty <sflaherty@gordonrees.com>
Cc: Amanda Abeln <aabeln@gordonrees.com>; 'Jason Kerr PPK' <jasonkerr@ppktrial.com>; 'ChrisSullivan PPK' <Sullivan@ppktrial.com>
Subject: RE: ORI v. FRI- Confirmation of Deposition Dates

Dear Jack,

I am glad to discuss with you alternative arrangements for the Shimizu deposition, and if it makes you happy to call it "voluntary," fine. But make no mistake that we consider the subpoena valid, and validly served, and that if Shimizu simply ignores the subpoena it does so at its own risk and we will certainly initiate appropriate proceedings. So, Shimizu's choices are:

(1) apparently through you, negotiate an alternate date and venue with me now;
(2) show up for the duly noticed deposition November 9;
(3) move prior to the deposition for a protective order and/or to quash the subpoena;

1

(4) ignore the subpoena, not show up and run the risk of contempt.

Let me know, please, which one Shimizu chooses.

Thanks.

Rich Sybert

Richard P. Sybert | Partner
Gordon & Rees
Scully Mansukhani
P: 619-230-7768 | F: 619-595-5768 (San Diego)
P: 206-695-6652 | F: 206-689-2822 (Seattle)
email: rsybert@gordonrees.com
Alabama - Arizona - California - Colorado - Connecticut - Florida - Georgia Illinois - Maryland - Massachusetts - Missouri -
Nevada - New Jersey - New York North Carolina - Oregon - Pennsylvania - South Carolina - South Dakota - Texas Virginia -
Washington - Washington, D.C.
http://www.gordonrees.com


-----Original Message-----
From: Jack Fitzgerald [mailto:jack@jackfitzgeraldlaw.com]
Sent: Wednesday, November 04, 2015 9:28 AM
To: Richard Sybert; Sean Flaherty
Cc: Amanda Abeln; 'Jason Kerr PPK'; 'ChrisSullivan PPK'
Subject: RE: ORI v. FRI- Confirmation of Deposition Dates

Mr. Sybert,

Thank you, we will lock in those dates for Mr. Alkire and Dr. Wolever. Will you serve consistent deposition notices? (we will accept for Wolever).

Regarding Shimizu, notwithstanding your assertion below, I suspect your client knows the subpoena is not valid. Certainly you know that is our position. (Dkt. No. 63 at 9 n.1.) Accordingly, if the person on whom ORI attempted service is to appear for a deposition at all, it will be voluntary, at a mutually convenient date, at a location of his convenience and choosing, and at ORI's expense.

If your client disagrees with this, then it appears we are at an impasse such that we should suspend our efforts to assist in securing the witness's voluntary appearance pending your client's efforts to enforce the subpoena.

_____

Jack Fitzgerald

The Law Office of Jack Fitzgerald, PC
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555

2

(c) 650-440-3170

www.jackfitzgeraldlaw.com

-----Original Message-----
From: Richard Sybert [mailto:RSybert@gordonrees.com]
Sent: Tuesday, November 03, 2015 5:45 PM
To: jack@jackfitzgeraldlaw.com; Sean Flaherty <sflaherty@gordonrees.com>
Cc: Amanda Abeln <aabeln@gordonrees.com>; Jason Kerr PPK <jasonkerr@ppktrial.com>; 'ChrisSullivan PPK' <Sullivan@ppktrial.com>
Subject: RE: ORI v. FRI- Confirmation of Deposition Dates

Dear Jack,

Yes we will accept those dates -- December 18 for Wolever and December 16 for the 30(b)(6).

Shimizu was properly served with a subpoena.  We are willing to discuss a proposed alternative date, but in the meantime that subpoena is operative and we have every intention of proceeding.  Shimizu has the option of moving for a protective order, or being subject to contempt in case of non-compliance.

Thanks.

Yours truly,
Richard Sybert


Richard P. Sybert | Partner
Gordon & Rees
Scully Mansukhani
P: 619-230-7768 | F: 619-595-5768 (San Diego)
P: 206-695-6652 | F: 206-689-2822 (Seattle)
email: rsybert@gordonrees.com
Alabama - Arizona - California - Colorado - Connecticut - Florida - Georgia Illinois - Maryland - Massachusetts - Missouri - Nevada - New Jersey - New York North Carolina - Oregon - Pennsylvania - South Carolina - South Dakota - Texas Virginia - Washington - Washington, D.C.
http://www.gordonrees.com


-----Original Message-----
From: Jack Fitzgerald [mailto:jack@jackfitzgeraldlaw.com]
Sent: Tuesday, November 03, 2015 2:21 PM
To: Sean Flaherty
Cc: Richard Sybert; Amanda Abeln; Jason Kerr PPK; 'ChrisSullivan PPK'
Subject: RE: ORI v. FRI- Confirmation of Deposition Dates

Counsel,

I'm sorry, but Dr. Wolever is unavailable on December 21 or 22. He remains available on December 18. In addition, while Mr. Alkire is unavailable on December 1, he is available on December 16 to give testimony on behalf of FRI under Rule 30(b)(6). Both are amenable to giving their depositions in San Diego. Accordingly, please let us know if ORI will take Mr. Alkire's deposition on Wednesday, December 16 in San Diego, and Dr. Wolever's deposition on Friday, December 18 in San Diego.

3

With respect to Shimizu, we are working on it but without a commitment yet, it looks like the deposition will not proceed on November 9. Assuming we can get Shimizu's commitment to sit for a deposition in the U.S., we will provide you proposed dates as soon as we have them.

Regards,
Jack

––––––––––––––––

Jack Fitzgerald

The Law Office of Jack Fitzgerald, PC
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

(p) 619-692-3840
(f) 619-362-9555
(c) 650-440-3170

www.jackfitzgeraldlaw.com

-----Original Message-----
From: Sean Flaherty [mailto:sflaherty@gordonrees.com]
Sent: Tuesday, November 03, 2015 12:33 AM
To: 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>
Cc: Richard Sybert <RSybert@gordonrees.com>; Amanda Abeln <aabeln@gordonrees.com>
Subject: ORI v. FRI- Confirmation of Deposition Dates

Jack,

I believe Rich requested you inquire as to your expert's availability December 21 or 22 for deposition. Please advise as to the status of his availability.

Additionally, next Monday 11/9, the Shimizu deposition is set for our Las Vegas office. Please confirm that Mr. Shimizu will attend.

Finally, please confirm FRI's 30(b)(6) deposition, which has been noticed for Dec. 1.

Thank you,

Sean

––––––––––––––––––––––––––––––––

California * New York * Texas * Illinois * Nevada * Arizona * Colorado * Oregon * Washington New Jersey * Florida * Georgia * Connecticut * Missouri * Washington, DC * Pennsylvania * North Carolina

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this

communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON & REES LLP**
http://www.gordonrees.com

EXHIBIT "S"

**HONORABLE MITCHELL D. DEMBIN**
**UNITED STATES MAGISTRATE JUDGE**
**CHAMBERS RULES**
**CIVIL PRETRIAL PROCEDURES**

**Please note**: The Court provides this information for general guidance to counsel and litigants. The Court may modify these procedures as appropriate in any case upon request or on its own.

## I.    Applicability of Local Rules

Except as otherwise provided herein or as specifically ordered by the Court, all parties must comply with the Local Rules of the United States District Court for Southern District of California.

## II.    Communications with Chambers

**A.    Letters, Faxes, and Emails.** Letters, faxes, and emails to chambers are discouraged unless specifically requested or required by the Court. If letters, faxes, or emails are requested, copies of the same must be simultaneously delivered to all counsel. Copies of correspondence between counsel should not be sent to the Court.

**B.    Telephone Calls.** With the exception of scheduled telephonic conferences, and as provided at section V.B. below, telephone calls to chambers are permitted only for non-substantive matters such as scheduling and calendaring. Court personnel are prohibited from giving legal advice or discussing the merits of a case. Appropriate inquiries may be directed to the law clerk assigned to your case. The chambers telephone number is (619) 446-3972.

## III. Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC")

The ENE is a multi-purpose conference. The conference is informal, off-the-record and confidential. It is an opportunity for the parties to educate the Magistrate Judge and each other regarding their claims and defenses. A candid discussion allows the Magistrate Judge to fashion an appropriate scheduling order for the case and to consider how best to approach discovery. The ENE also provides an opportunity for a meaningful settlement discussion with the assistance of the Magistrate Judge before costs and fees become significant factors or impediments in resolving the dispute. The ENE typically is not scheduled until Answers have been filed for all significant defendants.

This Court conducts the CMC required under Fed. R. Civ. P. 16 immediately following the ENE if no settlement has been obtained at the ENE and will issue a Scheduling Order following the CMC.

### A. Required Actions Prior to the ENE/CMC

1. The Order setting the ENE/CMC will require counsel to meet and confer, as required by Fed. R. Civ. P. 26(f), and prepare a Joint Discovery Plan consistent with Rule 26(f) and these Chambers Rules as provided below. The Order setting the ENE/CMC also will require the parties to make their initial disclosures as provided by Rule 26(a).

2. An ENE brief should be lodged with chambers no later than seven (7) days before the conference either by messenger or by email to the Court at efile_dembin@casd.uscourts.gov. Each party may choose for their brief to be confidential (court only) or may share it with their party opponent. Regardless, each brief must include the following:

        a.    A brief description of the essential facts of the case and the elements of the claims or defenses asserted;

    b.    A specific and current demand for settlement addressing all relief or remedies sought. If a specific demand for settlement cannot be made at the time the brief is submitted, the reasons must be stated along with a statement as to when the party will be in a position to state a demand; and,

    c.    A brief description of any previous settlement negotiations or mediation efforts.

3.  The Joint Discovery Plan must be lodged with chambers no later than seven (7) days prior to the ENE/CMC.  The Joint Discovery Plan must be one document and specifically must address each item identified in Fed. R. Civ. P. 26(f)(3).  In addition, the discovery plan specifically must address:

    a.    Whether there is limited discovery that may enable each party to make a reasonable settlement evaluation such as the deposition of plaintiff, defendant, or key witnesses, and the exchange of a few pertinent documents;

    b.    Issues regarding preservation of electronically stored information and the procedure the parties plan to use regarding  production of such information;

    c.    The procedure the parties plan to use regarding claims of privilege, including whether an order under Fed. R. Evid. 502(d) will be sought; and,

    d.    Whether a protective order will be sought and whether any issues are anticipated regarding the protective order.

Civil Chambers Rules rev.4.1

**B.    Appearances Required at ENE**

The Court requires all named parties, lead counsel, and any other person(s) whose authority is required to negotiate and enter into settlement to appear **in person** at the ENE and other settlement conferences. Please see the order scheduling the conference for more information.  The Court will **not** grant requests to excuse a required party from personally appearing absent good cause. Distance of travel alone does **not** constitute good cause.  Counsel requesting that a required party be excused from personally appearing must confer with opposing counsel prior to making the request.  The responsible counsel must contact the law clerk assigned to the case at (619) 446-3972 as soon as counsel is certain that he or she will be seeking relief from appearance of a party or party representative.  Following telephonic contact with chambers, counsel can expect to be instructed to file an *ex parte* or joint motion, as appropriate, which will be granted only upon good cause shown.

**C.    Continuing the ENE**

Counsel seeking to reschedule an ENE or other settlement conference must confer with opposing counsel prior to making the request.  The responsible counsel must contact the law clerk assigned to the case at (619) 446-3972 as soon as counsel is certain that he or she will be requesting a continuance.  Absent compelling circumstances, a request to continue must be made at least seven (7) days prior to the scheduled conference.  Following telephonic contact with chambers, counsel can expect to be instructed to file an *ex parte* or joint motion, as appropriate, which will be granted only upon good cause shown.  In its discretion, the Court may convert the ENE to a telephonic conference.

**D.    Amending the Scheduling Order**

As provided at Fed. R. Civ. P. 16(b)(4), modification of the Scheduling Order requires the approval of the Court and good

cause. The Court will construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Counsel are reminded that they must "take all steps necessary to bring an action to readiness for trial." Civ. L. R. 16.1(b). Counsel must meet and confer prior to the filing of any motion to amend the Scheduling Order. The Court prefers any motion to amend the schedule be brought as a joint motion reflecting the positions of the parties. The motion shall include a declaration by counsel detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met.

### E.  Notice of Settlement

If the case is settled in its entirety before the scheduled date of the ENE or any further settlement conference, counsel must file a Notice of Settlement and call chambers at (619) 446-3972 promptly. The Court requires the filing of a joint motion to Dismiss With Prejudice promptly after the Notice of Settlement has been filed.

### IV.  Discovery Disputes

### A.  Meet and Confer Requirements

Counsel must meet and confer on all issues **before** contacting the Court. If counsel are located in the same district, the meet and confer **must be in person**. If counsel are located in different districts, then telephone or video conference may be used. Exchanging letters, faxes, or emails **does not** satisfy the meet and confer requirement. A party found by the Court to have failed to participate or to participate meaningfully in a required meet and confer session, may be sanctioned.

Civil Chambers Rules rev.4.1

## B.    Disputes During Depositions

If a dispute arises during the course of a deposition regarding an issue of privilege, enforcement of a court-ordered limitation on evidence, or pursuant to Fed. R. Civ. P. 30(d), which constitute the only bases to instruct a witness not to answer, counsel are to meet and confer prior to seeking any ruling from the Court.  *See* Fed. R. Civ. P. 30(c)(2).  If the matter is not resolved prior to seeking a ruling, counsel may call chambers at 619-446-3972 and seek a ruling.  If the Court is unable to review the matter at that moment, counsel are to proceed with the deposition in other areas of inquiry and the Court will respond as soon as practicable.  If the matter cannot readily be resolved by the Court, the Court may require the parties to file a joint motion as provided below.

## C.    Disputes Over Written Discovery Requests:

### 1.  Joint Motion Required

If the dispute concerns written discovery requests (e.g. interrogatories, requests for production) and a party will be moving to compel or moving for a protective order, the parties shall submit a **"Joint Motion for Determination of Discovery Dispute."**  Counsel need not contact chambers in advance of filing a joint motion.  It is not the Court's practice to consider a discovery dispute, other than one occurring during a deposition, without a joint motion being filed. The Court will not provide a hearing date in advance of reviewing the briefs, as provided below.

### 2.  Timing of Discovery Motions - The 30-day Rule

Any motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. For oral discovery, the event giving rise to the dispute is the completion of the

transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts.

## 3.   Joint Motion - Opportunity to Participate

The aggrieved party must provide the opposing party a reasonable opportunity to contribute to the joint motion. Reasonableness is a creature of the circumstances considering the extent and complexity of the dispute. A <u>minimum</u> of seven (7) business days prior to the anticipated filing date of the joint motion is reasonable, but only barely, for a party to participate meaningfully in the preparation of the joint motion.

## 4.   Contents of the Joint Motion

The joint motion is to include the following:

a.   The Interrogatory, Request for Admission or Request for Production in dispute;

b.   The verbatim response to the request or question by the responding party;

c.   A statement by the propounding party as to why a further response should be compelled; and,

d.   A precise statement by the responding party as to the basis for all objections and/or claims of privilege.  Counsel would be wise to avoid boilerplate objections.

e.   The joint motion shall be accompanied by:  (1) a declaration of compliance with the meet and confer requirement; and, (2) points and

authorities (not to exceed five (5) pages per side). In the event that the entire motion package, including exhibits, exceeds twenty-five (25) pages, a courtesy copy must be delivered to chambers.

f. The joint motion shall **not** be accompanied by copies of correspondence or electronic mail between counsel unless it is evidence of an agreement alleged to have been breached.

## D. *Ex Parte* Motions in Discovery Disputes

An *ex parte* motion to compel only is appropriate when the opposing party, after being provided a reasonable opportunity to participate, refuses to participate in the joint motion. The *ex parte* motion must contain a declaration from counsel regarding the opportunity provided to opposing counsel to participate in a joint motion. *Ex parte* motions to compel discovery from a party that do not contain a declaration certifying that at least the minimum reasonable opportunity to participate was provided to the opposing party will be rejected by the Court. No later than five (5) business days following the filing an *ex parte* discovery motion directed at a party, that party, if it intends to oppose the motion, must file a Notice of Intent to Respond. The Notice must contain a declaration of counsel explaining why counsel did not participate in a joint motion. The Court will issue a briefing schedule, if warranted, after receipt of the Notice.

## E. Discovery Disputes and Non-Parties

If a motion to compel discovery is directed at a non-party, the Court prefers that the joint motion procedure be employed as it likely will lead to a faster resolution. The Court understands that in some circumstances involving third-party discovery practice, the motion may have to be filed *ex parte*. The Court will then set a briefing schedule.

Civil Chambers Rules rev.4.1

## F.    Hearings on Discovery Motions

After reviewing the joint motion, the Court will decide whether a hearing is necessary to resolve the dispute.

## V.    *Ex-Parte* Proceedings

The Court does not have regular *ex parte* hearing days or hours. Appropriate *ex parte* applications which, as discussed above, generally do not include discovery disputes, may be brought after contacting chambers and speaking with a law clerk.  The purpose for the contact with a law clerk is twofold: 1) To ensure that the motion should be filed with this Court, rather than the District Court; and, 2) To confirm that the motion properly may be brought *ex parte*.  Following the conversation with the law clerk, the application describing the dispute and the relief sought must be filed electronically through ECF. **Regarding discovery disputes between the parties, counsel must follow the procedures addressed at Section IV above.**  Otherwise, *ex parte* motions must be accompanied by a declaration demonstrating reasonable and proper notice to the opposition.

No later than five (5) business days following service of the *ex parte* application, opposing counsel must contact chambers and state whether an opposition will be filed and an estimate of how much time will be needed to prepare the opposition.  The Court will issue a briefing schedule as appropriate.  In the event that the motion or response, including exhibits, exceeds twenty-five (25) pages, a courtesy copy must be delivered to chambers. After reviewing the submissions, the Court will determine whether to decide the matter on the papers or to have a hearing.  If the Court requires a hearing, the parties will be contacted to set a date and time.

## VI.   Stipulated Protective Orders

Any protective order submitted for the Court's signature must contain the following **two** provisions:

> "(1) *No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.*
>
> *(2) The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative.*"

The Court recommends that the stipulated protective order contain a provision regarding the disposition of confidential or sealed documents and information after the case is closed.

All stipulated protective orders must be filed as a joint motion. The parties must email directly to chambers a proposed order containing the text of the proposed protective order suitable for signature by the Court. The proposed order should be emailed to efile_dembin@casd.uscourts.gov.

## VII.  Procedure for Filing Documents Under Seal

There is a presumptive right of public access to court records based upon common law and First Amendment grounds. Accordingly, no document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue

only upon a request that establishes that the document, or portions thereof, is privileged or otherwise subject to protection  under the law. The request must be narrowly tailored to seek sealing only of sensitive personal or confidential information.  An unredacted version of the document, identifying the portions subject to the motion to seal, must be lodged with the motion to seal.  A redacted version of the document must be publicly filed simultaneously.  Of course, if the motion to seal covers the entire document, a redacted version need not be filed in advance of the Court's ruling.

## VIII.  General Decorum

The Court insists that all counsel and parties be courteous, professional, and civil at all times to opposing counsel, parties, and the Court, including all court personnel. Professionalism and civility is the rule and not the exception.  Personal attacks on counsel or opposing parties will not be tolerated.  Counsel are expected to be punctual for all proceedings and are reminded to follow Civ. L. R. 83.4, in their practice before this Court.